Nov. Term, 1859.

CHANDLER
v.
CHANDLER.

---

CHANDLER *v.* CHANDLER.

A party for whom a judgment is rendered, may, *it seems*, in some cases, be taxed with the costs.

Alimony may be granted to the wife as incident to a judgment for a divorce in favor of the husband; but such an allowance will not be made, unasked.

The Court cannot, in a divorce case, appoint an attorney for an adult *compos mentis* party to a suit, against the consent of such party, and tax a fee for such attorney with costs.

*Saturday, December* 17.

APPEAL from the *Blackford* Circuit Court.

PERKINS, J.—Suit by *Janson Chandler*, against his wife, *Mary*, for a divorce.

Publication was duly made against the wife, as a non-resident.

When the cause was called, the plaintiff proved publication, and asked to have a default taken against the defendant, but it was not allowed.

He then asked leave to prove the allegations in his complaint; but it was refused.

The prosecuting attorney appeared to resist the divorce.

The Court, of its own motion, appointed *Walter March*, Esq., to assist him.

The cause was continued to a special term. At that term an answer was filed by the attorneys for the defendant, the cause was tried, the divorce was granted, says the record, to the plaintiff, but at his costs, and alimony, to the amount of 500 dollars, was ordered to be paid to the defendant, and a fee of 20 dollars to Mr. *March.* The defendant did not appear at the trial, did not wish to have the suit defended, and, by letter, disclaimed the appear-

ance of the counsel appointed by the Court as meddlesome interference.

The husband was proved to be worth 1,600 dollars, and the alimony allowed, as we have seen, was 500 dollars.

The only cause for a divorce, as shown by the record, was abandonment of the husband by the wife. Such is a sufficient statement of the facts.

According to the case of *Rourke* v. *Rourke*, 8 Ind. R. 427, the alimony allowed in this case was unreasonably large.

As to the costs, it seems that a judgment may, in some cases, be rendered in favor of a party on condition that he pays the costs. Perk. Pr. 367.

In *Stafford* v. *Stafford*, 9 Ind. R. 162, it is left undecided whether, under § 19, 2 R. S. p. 237, alimony can be decreed to the wife, as incident to a divorce granted to the husband, but the Court incline to the opinion that such a decree may be made, either under the statute, or, by virtue of the general equity powers of the Court.

But the question here presented is, whether the Court should make such allowance where it is neither asked nor desired; and we think it should not. Nor do we think it was in the power of the Court to thrust into the case an attorney for a party, against the wish of such party, being an adult, *compos mentis* person, and to tax a party with a compensation for his services.

The law has made provision that the prosecuting attorney shall appear and see that proceedings in certain divorce cases are conformable to law, where there is no appearance by the defendant; and has empowered the Court to make an allowance, in certain cases, to a party asking it, who does appear to aid in the conduct of the cause, by such party. See *Hart* v. *Hart*, 11 Ind. R. 384. And it is well that the Court is vigilant in these cases, in holding plaintiffs to the requirements of the statute.

But by what authority does the Court, in cases of adult persons legally notified of the pendency of suits, and who are capable of managing their own affairs, go beyond the law? Where is the warrant for such steps? Such a prac-

tice would be liable to much abuse.   Suppose, as in this case, an unasked allowance was made to a non-resident defendant who did not, and did not wish to, appear to the suit; and who might not, therefore, be informed of the allowance.  Suppose it to be collected and received by an attorney appointed by the Court, whose authority the clerk and sheriff would, of course, respect, who would likely be benefited by the money.

In the case at bar, the character of counsel precludes the idea of misappropriation.   It might not in all cases.

*Per Curiam.*—The judgment for alimony, and the allowance of 20 dollars to the attorney, are reversed.   The judgment for a divorce is affirmed with costs.

*J. Brownlee* and *H. S. Kelley*, for the appellant.

*W. March*, for the appellee.