## Cox v. Cox.

ALIMONY.—*Semble*, that in a suit for divorce alimony may be allowed to the wife, on her application, though the divorce is granted to the husband.
DIVORCE.—CHILDREN.—The amount allowed in a judgment for divorce, for the support of children, is subject to subsequent modification.

APPEAL from the *Morgan* Common Pleas.

RAY, J.—The appellee filed a petition for a divorce and asked for the custody of the only child of the marriage, six years of age, and for alimony. The causes assigned for the divorce were cruel treatment, and the failure of the appellant to provide the necessaries of life for his family. The appellant was averred to be possessed of an estate of $20,000 in value, a portion of which was received from the appellee upon the marriage.

The appellant answered by a denial of the allegations in the petition, and filed a cross-petition for divorce. A denial was filed to this cross-petition, and the cause was submitted to the court for trial. The court granted a divorce to the husband, and the custody of the child to the wife, and alimony to the amount of $800, and ordered that $50 per year be paid to a trustee for the support of the child. From the order for the payment of the money, this appeal is taken. The evidence is not in the record. We may presume, therefore, if necessary to sustain the finding, that proof was made, under the allegations of the petition, that at least the sum of $800 had been received by the husband from the wife upon the marriage. It was intimated by this court in *Chandler* v. *Chandler,* 13 Ind. 492, that alimony may be decreed to the wife as incident to a divorce granted to the husband, but it was held that such allowance could not be made where it was not asked for by the wife. In the case before us, it is asked. The statute provides, that the defendant may file a cross-petition for divorce, "and when filed the court shall decree the divorce to the party legally entitled to the same." The court considers the case upon the petition and answer, and the cross-petition and answer. The 19th section of the divorce act directs the court to make such decree for alimony in all cases contemplated by the act, as the circumstances of the case shall render just and proper. Without an examination of the evidence, we can determine nothing as to the propriety of the action of the court.

The 21st section of the same act requires provision to be made by the court for the guardianship, custody, support and education of the minor children of the marriage. The order in this case seems reasonable, and if we are to regard the averment in the petition, stating the value of the property of the appellant, as true, which we must do if necessary to sustain the order, the objection would be received with more consideration in this court if made by the appellee. The order is subject to future change upon

motion and proper proof. The interests of the child are alone to be regarded in making the provision for its support, in connection with the pecuniary ability of the father, and not the fault of the mother, for which the child is not responsible.

The judgment is affirmed, with five per cent. damages and costs.

*C. F. McNutt* and *A. Ennis*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellee.