———o———

Coon *v.* Coon.

DIVORCE.—ALIMONY.—Alimony may, under the statute, be allowed to the wife even when the divorce is granted to the husband for her misconduct.

APPEAL from the *Grant* Common Pleas.

ELLIOTT, J.—In this case a divorce was granted to the husband, on his petition, for the misconduct of the wife, and on granting the divorce the court decreed to the wife $250 alimony. The husband excepted to the decree for alimony, and appeals to this court.

It is insisted that, under the statute, alimony cannot be decreed when a divorce is granted to the husband for the misconduct of the wife.

We think otherwise. Section 19 of the act regulating the granting of divorces, &c., provides that "The court shall make such decree for alimony in all cases contemplated by

this act, as the circumstances of the case shall render just and proper." This provision was enacted in 1859, as an amendment of that section of the revision of 1852, and expresses the legislative intention that alimony may be decreed to the wife in all cases of divorce contemplated by the act, more clearly than the original section, under which it was held by this court that alimony might be decreed to the wife as an incident to a divorce granted to the husband, either under the statute, or by virtue of the general equity powers of the court. *Chandler* v. *Chandler*, 13 Ind. 492; see, also, *Cox* v. *Cox*, 25 Ind., 303.

It is further urged that if the court had power to decree alimony to the wife in this case, the amount so decreed was excessive and unjust. It was a second marriage on the part of the husband, who had a family of children by his previous marriage, and at the time of his marriage with the appellee, and for some time afterwards, he had also, as members of his family, an idiotic sister-in-law and a helpless son, who was subject to fits, to be attended and cared for. The children used abusive and insolent language to the appellee, who was cross, ill-natured and of a turbulent disposition. The parties lived together near three years, when the wife abandoned the husband. His property amounts in value to $2,500. Under all the circumstances of the case, as presented by the record, we cannot say that the amount of alimony decreed by the court was an abuse of its discretionary power.

The judgment is affirmed, with costs.

*J. F. McDonald, A. Steele* and *R. T. St. John,* for appellant.

*J. Van Devanter,* for appellee.