## CONNER *v.* CONNER.

DIVORCE.—ALIMONY.—Where a divorce was granted to a husband for the adultery of the wife, it was held that an allowance of $433 for alimony, an amount equal to one-third of his estate, was unreasonable, and the judgment was reversed, and the court below directed to enter a judgment for $150.

APPEAL from the *Pulaski* Common Pleas.

FRAZER, C. J.—The appellant sued the appellee for divorce, showing, by his complaint, three several acts of adultery by her, with as many men, within a period of one year. She answered by denial, and, by cross-petition, charged him with incest with their youngest daughter. The court found specially that each of the charges of adultery, made against the defendant, was true; that the charges made by the defendant, against the plaintiff, were not true; that the plaintiff's estate, after paying his debts,

Conner *v.* Conner.

was worth $1,300, which had been accumulated by the joint efforts of the parties; that the wife owned no property in her own right; that the plaintiff was sixty-eight years of age, and so infirm as to be incapable of much labor; that the wife is fifteen years younger; that their children are all over twenty-one years of age; that the youngest daughter is of infirm mind, incapable of providing for her own support, and that her mother has special charge of her. Amongst other conclusions of law from these facts, the court determined that the wife was entitled to alimony in a sum equal to one-third of $1,300, or $433, and with a decree for divorce, on the plaintiff's application, gave her alimony accordingly. The sum of $20 had, by order of the court, been paid to her during the pendency of the cause to enable her to defend. The husband presents for our consideration the question of alimony.

It may be remarked that the fact that the wife has charge of the infirm daughter should have little, if any, influence upon the question, for no obligation is imposed upon the wife to provide for the daughter's support. She might turn her adrift without shelter at once. Nor do the facts found by the court justify any confidence that she will not. She has falsely sought to add to the daughter's misfortunes the deep brand of infamy by placing a scandalous public charge of incest upon the records of the county. The question, then, is almost purely whether a wife's thrice repeated and promiscuous adultery—the gravest possible of all the crimes against the institution of marriage, and against the husband's honor and happiness, and against society—shall receive from our courts the same tender pecuniary consideration which the laws of the state bestow upon honest and virtuous widowhood. To state the question ought to be enough. We should not waste many words in its discussion. If the appellant had discarded her for her adultery, she would have gone out without the right to use his credit even for absolute necessaries. If she had been

blameless, and had obtained a divorce for his fault, one-third of his estate would, according to adjudged cases, have been deemed reasonable and sufficient alimony. *Thornberry* v. *Thornberry*, 4 Litt. (Ky.) 252; *Rourke* v. *Rourke*, 8 Ind. 427. In *Chandler* v. *Chandler*, 13 Ind. 492, the husband was worth $1,600, and the divorce was granted on his application. It was held that an allowance of $500, as alimony to the wife, was unreasonably large. The court below has deemed an adulteress entitled to the same favor as against a husband who is faultless, whose advanced years have disabled him from earning a livelihood, and whose whole estate is but a scanty provision for his own support, as a virtuous wife, without fault, against a husband whose fault entitles her to claim a divorce. Such a confounding of things, legally and morally different, we cannot sustain.

Upon the facts found by the court, we greatly doubt whether any alimony should have been allowed. The only consideration which can justify any such allowance is based upon reasons of public policy, together with the fact that her industry contributed to create the husband's estate. A small allowance may enable her, with industry, to subsist, and reform her practices. We have concluded, therefore, to direct an allowance of $150 in gross, and that upon payment thereof being secured by the appellant, by the entry of replevin bail, he may pay the same in six semi-annual installments, of $25 each, with interest—the first of which installments shall be paid within ten days after the rendition below of the judgment directed by this court.

The judgment for alimony is reversed, with costs, and the cause remanded, with directions as above indicated.

*D. D. Pratt*, for appellant.

*L. Chamberlin* and *D. H. Chase*, for appellee.