## HYATT *v.* HYATT.

33   309
145   59

ADJOURNED TERM.—*Waiver.*—After a court of common pleas had made an order that an adjourned term of said court should be held for the purpose of completing the probate business and any other business properly connected with the settlement of decedents' estates and guardianships, and before the time fixed for said adjourned term, the papers in a suit for a divorce were filed in said court on a change of venue, and the parties appeared at said adjourned term and waived all irregularities and consented to go to trial, whereupon the cause was tried at said adjourned term.

*Held,* that the court had power to try the cause.

APPOINTMENT OF JUDGE.— *Court of Common Pleas.*—Where the judge who tries a cause in the court of common pleas has been called to the bench by special appointment of the judge of said court, and no objection is made to him in said court, an objection to him cannot be raised in the Supreme Court.

DIVORCE.—*Alimony.*—*Supreme Court.*—*Modification of Judgment.*—A husband was granted a divorce for cruel treatment; the wife was granted the custody of a child five years of age, the only issue of the marriage, until it should be eleven years old and until further order, and an allowance of two thousand dollars for alimony. Upon the evidence, showing that the husband's treatment of the wife had been more cruel than the wife's treatment of the husband; that his real estate was worth thirty thousand dollars and his personal property thirty-six hundred dollars; that she had no separate property; that when he, a widower with five children, married her, she was a stout, healthy, young woman, but her constitution had been broken and her health enfeebled; the Supreme Court ordered the court below to so modify its decree as to allow the wife five thousand dollars in six equal semi-annual instalments, with interest, the first instalment to be paid within ten days after rendition of the judgment, and two hundred dollars annually till the child should reach the age of eleven years, for its support and education, the first payment to be made within ten days after rendition of the decree. (On petition for a rehearing, the members of the Supreme Court having been changed in the meantime, they were equally divided upon the question of the power of this court, in such a case as this, to direct what judgment shall be entered by the court below.)

APPEAL from the Knox Common Pleas.

GREGORY, C. J.—Complaint by a husband (the appellee) against his wife (the appellant) for divorce. The defendant answered, denying the allegations of misconduct charged against her. The appellant also filed her cross complaint for divorce, alimony, and the custody of her infant child.

The plaintiff answered the cross complaint by a denial of the charges made against him of misconduct. Trial by the court. The bill of exceptions, which must govern, states that the court found that the plaintiff was entitled to a divorce; that the defendant was entitled to the care and custody of her infant son and to the sum of two thousand dollars alimony.

The appellant moved for a new trial, first, because the finding was contrary to law and the evidence; second, because the court erred in assessing the amount of alimony, the same being too small. The court overruled the motion and rendered a final decree of divorce, for the alimony, and for the custody of the child, in accordance with the finding.

This suit was originally commenced in the Daviess Common Pleas; the venue was changed to the court below. On the 16th of May, 1868, the Knox Common Pleas made an order, that an adjourned term of the court be held on the 20th of July, for the purpose of completing the probate business and any other business properly connected with the settlement of decedents' estates and guardianships. After this order was made, and before the time fixed for the adjourned term, the papers in the case at bar were filed in the court below. The parties appeared and expressly waived all irregularities and consented to go to trial. It is claimed that the court below had no power to try the case at that adjourned term. And one of the errors assigned is a want of authority in the judge to try the cause and render a valid decree. The court was legally in session; consent gave the power to try.

Judge Patterson, who tried the case, was called to the bench by a special appointment of the judge of the court below. No objection was made to Judge Patterson. It is too late to make any objection now.

The plaintiff and the defendant were married in 1860. The former was at the time a widower, with five children by a previous marriage, four girls and a boy. The eldest was a daughter about twelve, the second, the son, about

ten, the third, a daughter about eight and a half years of age. The youngest was about two years of age,

The parties lived together some seven or eight years. For the first five years, the relations existing between them were agreeable and happy, but for the last two years they were decidedly otherwise. An estrangement took place between them growing out of difficulties between the wife and the two eldest daughters. At the time these difficulties commenced the eldest daughter was some seventeen years of age, the second some fourteen. The eldest daughter was a witness on the trial; speaking of herself and of her stepmother, the appellant, she said, "when we had difficulties, sometimes the one and sometimes the other was to blame." The second daughter was not herself a witness, but the evidence shows that her conduct towards the defendant was of a very objectionable character. On one occasion, in the presence of her father, and without remonstrance on his part, she called her stepmother, the appellant, "an old bitch." On several other occasions she used personal violence towards her. The husband, the appellee, expressly refused to use his authority to restrain these outbursts of passion and violence. After the estrangement, the conduct of the plaintiff and the defendant towards each other was cold and indifferent; they occupied separate rooms; the appellant on several occasions used opprobrious epithets towards the appellee, and on one or two occasions attempted personal violence. The conduct of the husband towards his wife was cruel and inhuman in the extreme. After using personal violence, by throwing his wife down on a brick pavement by which she was severely injured, he left her to the care of the neighbors, during her illness occasioned by his own ill treatment, refusing to allow her to eat at his table; encouraged the servants and his children to treat her with coldness and contempt; frequently ordered her to leave his house, and on one occasion attempted to eject her by force. If the evidence tends to show that the

wife was in fault, it much more strongly tends to show that the husband was in greater fault.

The appellant, at the time of her marriage, was a stout, healthy, young woman. At the time of the trial, she was broken down in constitution and in feeble health. She had one child by the marriage, a son about five years of age, consigned to her care by the decree of the court until he should arrive at the age of eleven years, and until further order.

The husband was worth, at the lowest estimate of any witness, a little over thirty thousand dollars in real, and thirty-six hundred dollars in personal property, making an aggregate of over thirty-three thousand six hundred dollars. The wife had no separate property of her own. The decree for the divorce in favor of the husband on account of the misconduct of the wife entitles him to the same rights, so far as his real estate is concerned, as her death. 2 G. & H. 353, sec. 20. Here there was an allowance for alimony of a sum less than one-fifteenth of the real estate, in which she had an inchoate right to one-third in fee, as against the heirs, and one-fifth as against creditors (1 G. & H. 294, sec. 17); which right was barred by the decree. It was the duty of the court to make provision for the support and education of the minor child, whose care and custody was awarded to the mother. See 2 G. & H. 353, sec. 21.

The circumstances of the case rendered it just and proper that the alimony should have been five thousand dollars; and there should have been, in addition thereto, a provision for the support and education of the child.

Under the authority of *Conner* v. *Conner*, 29 Ind. 48, this case will be remanded, with directions to modify the decree for alimony, so as to require the payment, by the appellee to the appellant, of the sum of five thousand dollars in gross, and that upon payment thereof being secured by appellee, by the entry of replevin bail, he may pay the same in six semi-annual instalments, of eight hundred and thirty-three dollars and thirty-three and one-third cents, with

interest, the first of which instalments shall be paid within ten days after the rendition below of the judgment directed by this court; and that the appellee be decreed to pay to the appellant the further sum of two hundred dollars annually, the first of which two hundred dollars to be paid within ten days after the rendition in the court below of the decree, and yearly thereafter until said child of the plantiff and defendant shall arrive at the age of eleven years, for the support and education of said child.

Judgment for alimony is reversed, with costs; cause remanded, with directions to modify the decree so as to require the payment by the appellee to the appellant the sum of five thousand dollars as and for alimony, in the manner indicated in this opinion; and also to decree the payment, annually, by the appellee to the appellant, the further sum of two hundred dollars, in the manner indicated above.

### ON PETITION FOR A REHEARING.

Worden, J.—I cannot agree with the Chief Justice and Judge Downey, in overruling the petition for rehearing in this cause. I think the rehearing should be granted for the following reason.

The record in the cause contains no special finding of the facts whatever, though the evidence is set out.

In the original decision of the cause, this court, on the evidence alone, in conjunction, of course, with the pleadings, determine to raise the alimony allowed the appellant, from two to five thousand dollars. This, I think, under our practice, cannot be done in such case. Before the adoption of our present code, chancery causes were heard and determined in this court upon the weight of evidence, and a decree pronounced upon the merits. *Bennett* v. *Welch*, 15 Ind. 332. But since the code this practice is completely obsolete. By statute, the distinction between actions at law and suits in equity is abolished. In some particulars the code has assimilated the proceedings more closely to

the former chancery practice than the practice at law, as, for example, in reference to parties to the action. But in reference to the particular under consideration, it has been uniformly held that the former law practice prevailed. *Alexander* v. *Frary*, 9 Ind. 481. Under the present practice, if a case comes before this court without the evidence, whether it be a case that would, under the old practice, have been an action at law or a suit in equity, a suit for divorce or to recover the amount of a promissory note, this court will always presume that the verdict or finding was sustained by the evidence, and act accordingly. This universal practice demonstrates that the old chancery practice is not in force in this particular, for under that, if the evidence was not in the record, the decree would be reversed for the want of it. *Bennett* v. *Welch, supra*. The functions of this court do not extend to *nisi prius* duties. When it undertakes to determine, from the evidence, how much alimony ought to be allowed, and to direct accordingly, it is performing *nisi prius* duties simply. If this court can, from the evidence, determine and direct how much alimony shall be allowed in a divorce case, why not determine how much damages shall be allowed for the breach of a contract, or for a tort, or in any case whatever, and direct the court below to enter up judgment for the amount? The power to do this in divorce cases implies it in all others, for there is no dividing line distinguishing divorce causes from all others. To be sure, the parties in such case may not be entitled to a jury trial, but that does not affect the principle involved. They are entitled to be tried in the court below, and whether by the court alone, or by the court and a jury, can make no difference. This court may undoubtedly determine, from the evidence, whether the alimony allowed by the court below is too much or too little, just as it may determine, in most other cases, whether the damages assessed are too much or too little; but, having thus determined, I think it can only reverse the judgment and send the cause back to be tried anew.

The statute regulating the practice of this court, in this respect, is as follows:

"When the judgment is reversed, in whole or in part, the Supreme Court shall remand the cause to the court below, with instructions for a new trial, when the justice of the case requires it; but if no new trial is required, with particular instructions relative to the judgment to be rendered, and all modifications thereof." 2 G. & H. 276, sec. 570.

Where the amount of the recovery, whether it be for alimony or damages, is too much or too little, it presents one of the cases in which justice requires a new trial; and I can see no basis on which this court can proceed to reverse the judgment and reassess the amount, and direct the court below to render judgment accordingly, unless it be upon the broad principle that this court can, in all cases, determine from the evidence brought before us what judgment shall be rendered, and direct the court below to enter it up accordingly. This would be equivalent to trying the case *de novo* in this court, and requiring the court below to enter up its decrees.

There is ample scope for the operation of the latter branch of the section above quoted, in reference to instructing the court below relative to the judgment to be rendered; for where the facts are found, either specially by the court, or by special verdict, or by the jury in answer to interrogatories, and probably where the facts are agreed upon, and the judgment below is not such as the facts thus found require, this court will, undoubtedly, having reversed the judgment, remand the cause with instructions to render judgment such as this court thinks should be rendered upon such facts thus found.

In the case of *Conner* v. *Conner*, 29 Ind. 48, the case on which the principal opinion in this cause was based, the facts were specially found.

I am of opinion that this court, having reversed the judgment below because the alimony was insufficient, should

have remanded the cause for a new trial of the question of alimony, instead of proceeding to determine the amount thereof, and therefore that the rehearing should be granted.

BUSKIRK, J.—I concur in the above opinion.

*T. R. Cobb, N. F. Mallott, J. C. Denny,* and *G. G. Reily,* for appellant.

*J. W. Burton, A. G. Porter, B. Harrison,* and *C. C. Hines,* for appellee.