# DAVID G. DEENIS

*v.*

# LYDIA DEENIS.

1. HUSBAND AND WIFE—*right of wife living separate from her husband to maintenance, under act of* 1867.   Even though it be conceded that the husband had been guilty of such misconduct as would justify his wife in living separate and apart from him, and give her a remedy in equity for support and maintenance, yet when she continues to cohabit with him for four years thereafter, with full knowledge of the facts, if she then leaves him, through fear of a repetition of such misconduct, without any recent act on his part to justify such fear, her separation can not be said to be without her fault, so as to justify a decree in her favor for maintenance and support.

2. SAME—*condonation of offense*   Where a husband has been guilty of such improper conduct as would make his wife's separation from him justifiable, and entitle her to a decree for maintenance and support, yet, if she, with knowledge of the same, continues to live with him for four years thereafter, this will be held to be a condonation of the offense, and she can not afterwards, without fault on her part, leave him for such cause.

3. CONDONATION.   Condonation is an act of the mind, either express or implied, and it may be indicated by the acts of the parties.   It is a bar to a bill for divorce for the cause forgiven, and the principle applies with equal force to an application in equity by the wife, living apart from her husband, for a decree for maintenance and support under the statute of 1867.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. RICE & BICKFORD, for the appellant.

Messrs. DICKEY, BOYLE & RICHOLSON, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This bill was filed for relief under the following provision of the statute:

"Married women who, without their fault, now live or hereafter may live separate and apart from their husbands, may have their remedy in equity in their own names respectively, against their said husbands, for a reasonable support and maintenance, while they so live or have so lived separate and apart." Laws 1867, 132.

The bill alleges that the parties were married in 1843; that several children, sons and daughters, were the issue of the marriage; that for sixteen years of their married life the wife had no grievous cause of complaint against the husband; that between the years 1860 and 1867, on several occasions, he made improper and lascivious advances to his two daughters, Louisa and Mary, and attempted to seduce them; and that in view of his former conduct, and in view of the fact that her daughter Clara had become fourteen years of age, and was liable to be assaulted by her father, as her elder sisters had been, if she remained at home, the complainant deemed it her duty to separate herself from her husband, and did so on the 23d of September, 1871.

There is no allegation in the bill, and no proof of any impropriety of conduct on the part of the father from the fall of 1867 until the abandonment of her home by the wife.

Louisa was married in 1866, and left home. Mary lived with her father for over two years after the alleged attempt upon her virtue. She was married in 1869, and then left her father's house.

We shall not recapitulate the testimony. It has been a sad and sickening task to read the account of this unfortunate family quarrel, as given by father and mother and children.

The complainant testified that from 1867, the conduct of the defendant towards his daughters was entirely proper, and that she never had any cause to complain of his conduct towards the youngest daughter, Clara. After the alleged misconduct she continued to live with him for four years; and during this period a child was born.

We shall not determine from the evidence whether a separation on the part of the wife in 1867, or during the time of the misconduct as charged, would not have been without her fault. The question is, does a bare fear of the repetition of an offense, without any recent conduct to justify the fear, and nothing but the recollection that an offense had been committed four years before, authorize the separation and suit intended in the statute? Neither is it necessary to decide, in this case, whether the causes for separation which would afford the remedy intended by the statute under consideration, would justify a divorce *a mensa et thoro.*

It may be conceded that the husband had acted improperly; and that his conduct had been such as to shock the sensibilities of the wife, and in opposition to the first principles of morality. But after full knowledge of the existence of the offense she continued cohabitation with him, gave birth to a child, and continued to live with him for four years, during which time there was no attempt on his part to seduce his daughter or disturb the family peace.

In his answer the defendant set up that for years after the pretended offenses the complainant voluntarily lived and cohabited with him as his wife without any complaint, and that, if the offenses charged were committed, the complainant had forgiven them. The proof sustains the answer.

Even in an application for a divorce, where good ground once existed for a decree, condonation is an absolute bar to any remedy for the particular injury which has been forgiven. This principle applies as well to the case before us. The separation, on the part of the wife, must be "without her fault." If he has committed an offense which is forgiven, the offense no longer exists, and there can be no cause for the separation.

Condonation is an act of the mind, either expressed or implied. It may be indicated by the acts of the party. The complainant testified that she knew of the alleged offenses; and yet after this knowledge there was continued matrimonial intercourse. From such facts the law presumes forgiveness.

She was cognizant of all his acts upon which the alleged offenses were based. For four years they lived together as man and wife, and there was uninterrupted harmony, so far as the old offenses were concerned. There was no attempt to revive them, and no conduct to justify a separation. Under the circumstances we must presume a reconciliation. The continuous cohabitation with knowledge of the alleged guilt, and the acquiescence for years, must be regarded as a remission of the past offenses.

The decree is reversed, and the cause remanded.

*Decree reversed.*