## DAVID G. DEENIS

*v.*

## LYDIA DEENIS.

1. ALIMONY—*when it may be allowed.* Alimony may be allowed, under the statute, notwithstanding the divorce is granted for the fault of the wife.

2. It is not the law that alimony must be given to the wife in all cases, but only in those cases where, from all the circumstances, it is equitable to do so.

3. SAME—*not to be regulated by the pecuniary circumstances of the parties alone.* In cases where the circumstances may justify a divorce under our statute, there may be a widely different degree of merit on the one side and censure on the other, which should very properly be considered in determining the question of alimony, quite independent of the pecuniary circumstances of the parties.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BICKFORD, BOWEN & MALONEY, for the appellant.

Mr. T. LYLE DICKEY, and Mr. SAMUEL RICHOLSON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question presented by this record for our consideration is, was alimony properly decreed to appellee ?

The bill charges appellee with wilful desertion, for two years, without any reasonable excuse. The answer admits the desertion, but sets up the infamous and unnatural conduct of appellant as a justification.

On hearing, the court below found appellee guilty of the desertion charged, and decreed that the parties be divorced, but also decreed, at the same time, that appellee have alimony and the custody of their two infant daughters.

Appellant seems to have an estate, ample to justify the amount of alimony he is required to pay, accumulated while he and appellee resided together as husband and wife, the result, in part at least, if not entirely, of their joint labors and careful management ; and it is not seriously objected, if he may, under the circumstances, be held to the payment of alimony, that the amount fixed by the decree is too large. The point, however, is made, that, the divorce being decreed for the fault of appellee, she is entitled to no alimony.

The question depends purely upon the construction of our statute.

The twelfth section of the chapter relating to "Dower," (Gross' Stat. of 1869, p. 217.) provides : "If any woman shall be divorced from her husband, for the fault or misconduct of such husband, except when the marriage was void from the beginning, she shall not, thereby, lose her dower, nor the benefit of any jointure ; but if such divorce be for her fault or misconduct, she shall forfeit the same." But this does not, as is claimed by appellant, have any connection with the

question of alimony. That is governed by a different statute. The sixth section of the chapter entitled "Divorces," (Gross' Stat. of 1869, p. 215,) is as follows: "When a divorce shall be decreed, it shall and may be lawful for the court to make such order touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as from the circumstances of the parties and the nature of the case shall be fit, reasonable and just." * * *

In *Reavis* v. *Reavis*, 1 Scammon, 242, which was decided at the December term, 1835, of this court, the construction of this section was necessarily involved—the language of the statute, in this respect, being then precisely the same as above quoted. In that case, divorce was decreed on account of the desertion of the wife; and it was also decreed that alimony be allowed her, the amount of which was to be determined from evidence to be heard at the next term of court, for which purpose the case was continued. At the next term of the court, evidence having been introduced by the wife of the value of the husband's property, the court, against the objections of the wife, permitted the husband to again give in evidence the same matters which had been heard on the trial when the divorce was decreed, and, thereupon, decreed that she be allowed one cent for her alimony and that she pay the costs. It was held, that the allowance of one cent as alimony amounted to a rescission of the former decree allowing alimony; that the evidence introduced by the husband was irrelevant to the issue then before the court, and that the decree was erroneous; and it was reversed, with directions to the court below to allow the wife alimony, commensurate to the support of herself and her child, in proportion to the husband's ability and her condition in life. In the opinion of the court, then filed, the first decree allowing alimony to the wife is assumed to be predicated upon and authorized by the language of the statute relating to alimony, and the reversal of the subsequent decree is utterly inconsistent with any other construction of the statute than that the

wife may be allowed alimony, notwithstanding she is divorced for her fault.

This case has never been overruled, nor has the legislature ever deemed it necessary to change the statute in relation to permanent alimony, in view of the construction recognized by it. We are. therefore, constrained to accept this long acquiescence, both by this court and the legislature, as conclusive of the correctness of that construction, and hold that the question can no longer be considered open for discussion. A statute in Indiana, relating to alimony, differing in no substantial respect from the phraseology of ours, in this respect, has received a like construction ; and it has been there held, the wife may be allowed alimony notwithstanding the divorce is in consequence of her own bad conduct. *Coon* v. *Coon,* 26 Ind. 189.

But, it is contended, the same facts set up in appellee's answer were before this court in *Deenis* v. *Deenis,* 65 Ill. 167, on application, under the statute then in force, for separate maintenance, and it was held she had condoned the offenses charged, and was not, therefore, entitled to any support from appellant. Matters are set up in the answer in the present case, which were not alleged in the petition in that, which tend strongly to revive the original offense. *Davis* v. *Davis,* 19 Ill. 334. And we are by no means confident, if those matters had been alleged and proved, in that case, a different result would not have been reached.

But it does not follow, because the wife who has deserted her husband is unable to show sufficient cause for her conduct to authorize the court to decree her a separate maintenance, when she is divorced on the application of the husband for the same desertion, she may not be allowed alimony. So long as there is no divorce, there is, in legal contemplation, a home to which she can, at any moment, return and receive her support. The moment, however, the divorce is granted, these, unless secured by the decree, are gone—if it fails to award

them to her, she is, unless she is the owner of a separate property, then homeless and penniless.

Moreover, under the act of 1867, separate maintenance was only allowable where the wife lived apart from the husband without her fault; but, as we have seen, alimony may be allowed, under the statute, notwithstanding the divorce is decreed for her fault.

It does not result that alimony must be given the wife in all cases, but only in those cases where, from all the circumstances, it would be equitable to do so.

As was observed in *Stewartson* v. *Stewartson,* 15 Ill. 148 : "In cases where the circumstances may justify a divorce, under our statute, there may be a widely different degree of merit on the one side and censure on the other, which should very properly be considered in determining the question of alimony, quite independent of the pecuniary circumstances of the parties."

In the present case, it appears the husband has ample property for a comfortable maintenance for himself and family. The labor and frugality of the wife have contributed to its acquisition. She has passed the meridian of life, and is without a separate estate. If the evidence does not show she was entirely justified in deserting her husband, it lacks so little that the difference is almost inappreciable. It is equitable that the husband, out of his abundance, should contribute to her support, to prevent her becoming a burden upon others, even if her conduct had been far more objectionable than it is proved to have been.

The decree is affirmed.

*Decree affirmed.*