JOHN P. SPITLER

*v.*

TAMSON E. SPITLER.

*Filed at Ottawa November 20, 1883.*

1. ALIMONY—*founded on husband's duty to support wife.* The right of a wife to permanent alimony under the general law, aside from the statute, is founded on the duty of the husband to support her, so that when the latter duty ceases the right to alimony also ceases. Hence it is generally held, in the absence of statutory provision, that when the husband obtains a divorce for the wife's misconduct, she will not be entitled to alimony.

2. SAME—*duty of husband to support his wife.* The common law duty of a husband to support his wife is not absolute. He is bound to support her at their common home, and not under another's roof, unless his improper conduct has forced her to seek shelter elsewhere. If she abandons her home without just cause, the right to support from her husband at once ceases.

3. SAME—*under the statute—extent of the wife's right to alimony.* A decree of divorce against a wife for her misconduct, under our statute does not necessarily deprive her of the right to alimony in all cases, as it would but for the statute. But on the other hand, it does not follow that the divorced wife would be entitled to alimony when her conduct has been grossly improper, and its allowance is not required for the support of their common offspring.

4. It was not the object of the legislature in adopting the provision of the statute relating to alimony, (Rev. Stat. 1874, chap. 10, sec. 18,) to abrogate the general principles or policy of the law relating to such subject, but rather to clothe the court with power to mitigate occasional hardships that might otherwise occur.

5. SAME—*in the particular case.* Where a husband obtained a decree of divorce against his wife for desertion and adultery, and it appeared that on the marriage she brought no means with her; that her husband had always been a good provider, and reasonably kind and indulgent under the circumstances; that their children, living, were all grown and married, and that some four or five years before the filing of the bill, she, without any cause, excuse or justification whatever, deliberately abandoned her husband and home, for the sole purpose of improving her opportunities of carrying on criminal relations with her paramour, it was *held,* that the wife was not entitled to any allowance for alimony.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. JAMES I. NEFF, and Mr. J. H. STEARNS, for the appellant:

By our statute the allowance of alimony on divorce is made discretionary with the court. (Rev. Stat. 1874, p. 421, sec. 18.) But this is a judicial discretion, subject to review in an appellate court, so that justice may be done. *Stillman* v. *Stillman,* 99 Ill. 197.

The conduct of the parties, including the degree of merit on the one side and censure on the other, may be considered independent of the pecuniary circumstances of the parties. *Stewartson* v. *Stewartson,* 15 Ill. 145.

The subsequent marriage of a woman after divorce terminates her right to alimony, or its continuance. (*Stillman* v. *Stillman,* 99 Ill. 197.) And can it be said that a legitimate marriage should be visited with a penalty from which illicit concubinage is free? A woman can not claim the advantages of a contract that she utterly repudiates.

Formerly, one ground of alimony was the fact that the wife had brought property to her husband. By our present law the wife retains her separate property, but in this case there is no proof that appellee ever had any property or estate of her own.

If she was never the meritorious cause of the accumulation of this property, but on the contrary has been the means of wasting and diminishing it, and has, by her misconduct, forfeited her claim upon appellant for support, she has no equitable ground upon which to claim alimony as a right. *Shafer* v. *Shafer,* 10 Neb. 468.

Mr. John C. Kean, for the appellee:

Under our statute, (Rev. Stat. 1874, p. 421, sec. 18,) as construed by the courts, a divorced wife may have alimony decreed her, although the divorce was for her misconduct. *Reavis* v. *Reavis,* 1 Scam. 242; *Deenis* v. *Deenis,* 79 Ill. 74; *Coon* v. *Coon,* 26 Ind. 189.

The court below was vested with a sound judicial discretion, to enable it to do what to it seemed just and equitable, and the exercise of that discretion ought not to be interfered with except for some cogent reason. Besides, the verdict of the jury as to adultery was found entirely on circumstantial evidence. There is no proof of a single overt act of adultery.

Taking into account the value of the property owned and enjoyed by appellant, and the age of appellee,—forty-eight years,—that she is now without any means of support except her daily labor, and, also, that her labor and frugality have largely contributed to the acquisition of the property now owned by appellant, I think the order of the Appellate Court should be affirmed.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The appellee, Tamson E. Spitler, filed in the Stephenson circuit court a bill for divorce against her husband, the appellant, charging him with extreme and repeated cruelty. The latter answered, denying the charge, and also filed a cross-bill, charging her with adultery, and willful desertion for the space of two years. The issues were made up on the bill and cross-bill, and the cause was heard before the court and a jury, resulting in a verdict in favor of the appellant upon all the issues, and the court thereupon granted him a divorce upon the ground of appellee's desertion and adultery, as found by the verdict,—and the decree to this extent is not questioned by either party on this appeal. Upon the entry of the decree appellee filed a petition for permanent alimony, the hearing of which was reserved to a subsequent day. On the hearing of the petition the court entered an order requiring the appellant to pay appellee, as alimony, $100 per annum until the further order of the court. The husband appealed from this order to the Appellate Court for the Second District, where the same was affirmed, and he brings the case here for review.

The appellee is now about forty-eight years of age, and the appellant fifty-seven. They were married the 31st of December, 1850, and have had altogether seven children, four of whom are dead, and the remaining three are grown and married. Appellee had neither money nor property at the time

of their marriage, and appellant's effects amounted to only some $300 or $400, and he is now worth about $12,000 or $13,000. The evidence shows he has always been an industrious, hard-working man, a good and liberal provider in his family, and, under the circumstances, reasonably kind and indulgent to his wife and children. The weight of evidence also shows that until the rupture between her and her husband, occasioned by her indiscreet conduct and questionable relations with other men, appellee was a good housekeeper, and faithfully discharged her household duties. Some five years ago, however, she left her home, without any sufficient cause or justification, and established her residence in the house of one Noah D. Peck; between whom and herself there were good reasons to believe criminal relations had existed for a long time. This opinion was not confined to her husband, but seems to have been shared by their neighbors generally.

As the right to permanent alimony, so far as it depends on general law, is founded upon the duty of the husband to support the wife, it therefore legally, as well as logically, follows, that when this duty ceases the right also ceases. Hence it is generally held, in the absence of statutory provisions controlling the question, when the husband obtains a divorce on account of the misconduct of the wife, the latter will not be entitled to alimony. (2 Bishop on Marriage and Divorce, (4th ed.) secs. 376, 377.) Looking at the question on principle, the rule is certainly in harmony with other general rules governing the marital relation, as, for instance, the common law duty of the husband to support the wife is not absolute. He is bound to support her at their common home, and not under another's roof, unless his own improper conduct has forced her to seek shelter elsewhere. Hence if she abandons her home without cause, the right to support from her husband at once ceases. If, then, while the marital relation still exists, the husband is under no obligations to support the

wife when she is without cause living apart from him, and particularly when living in criminal relations with another, *a fortiori* he will not be liable for her support after he has obtained a divorce from her on account of her desertion and adultery.

But a number of States of the Union, including our own, have passed statutes somewhat modifying the common law doctrine on the subject of alimony. Our statute relating to this subject provides as follows: "When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as from the circumstances of the parties and the nature of the case shall be fit, reasonable and just," etc. (Rev. Stat. 1874, page 421.) This provision of the statute first came under consideration in *Reavis* v. *Reavis*, 1 Scam. 242, and the construction then given to it was followed in *Deenis* v. *Deenis*, 79 Ill. 75. These are the only cases to which our attention has been called, or that now recur to us, in which the construction of the statute has been directly presented for consideration. These cases, in their circumstances and legal aspects, are essentially alike. The husband in each case filed the bill against the wife, charging her with desertion, which was admitted by her answer, but sought to be justified on the ground of the husband's misconduct. The alleged justification was not, in the judgment of the court, sustained by the proofs, and a decree granting the husband a divorce, the care and custody of the children, or a part of them, to the wife, and requiring him to pay her a certain amount of alimony for the support of herself and the children, was rendered in each case, and on appeal to this court both of these decrees were affirmed. The construction given to the statute in these cases establishes the proposition that the fact of granting the husband a divorce on account of the misconduct of the wife, will not of itself necessarily deprive the wife of alimony in all cases, as it

would but for the operation of the statute. On the other hand, because alimony may, under special circumstances, be decreed to the wife where the divorce has been granted to the husband for her misconduct, it does not follow that such an order would be warranted where the conduct of the wife, as in the present case, has been grossly improper, and the allowance of alimony is not required for the support of their common offspring, as it was in those cases.

It was manifestly not the object of the legislature in adopting the provisions of the statute above cited, to abrogate the general principles or policy of the law relating to the subject of alimony, but rather to clothe the courts with power to mitigate occasional hardships that would otherwise occur on account of the inflexible rule that the wife is not entitled to alimony where the divorce is granted to the husband on account of her own misconduct. This modification of the general rule on the subject was intended to meet cases of hardship, and afford relief to the erring wife when demanded by mitigating circumstances, or the interest of such of the children as might, for prudential reasons, be committed to her custody for support or education. But we see nothing of the kind in this case. Some four or five years before the filing of the bill, without any cause, excuse or justification whatever, appellee deliberately abandoned husband, home, and all that home means, for the purpose—and sole purpose, so far as we can see,—of improving her opportunities to carry on criminal relations with her paramour.

To the suggestion appellee for many years faithfully discharged her duties as a wife, and thereby materially aided appellant in accumulating his present property, and should therefore have a part allowed to her, it is a sufficient answer, under the circumstances of this case, to say, that by the law as it existed at the time of their marriage, and as it continued to be many years thereafter, her time, services and

accumulations after such marriage became absolutely his. As a compensation for this, the same law compelled him to furnish her with a home and provide for all her reasonable wants, according to his means and station in life, and if he neglected to do this, others were authorized to supply such wants and compel him to pay the bills.     However great may have been his fortune, she was entitled to share it equally with him, so far as her present personal needs were concerned. If she survived him, she became entitled to her dower in his lands and her award as widow in his personal estate, and it was not in his power to deprive her of these rights without her consent.     So far as this record shows, the appellant faithfully discharged the obligations he assumed, and if she is not now enjoying all the law secured to her, it is her own fault and folly,—not her husband's,—and she must submit to the consequences thus voluntarily brought upon herself, however grievous they may be.

We are clearly of opinion that to award alimony to the wife where the cause of divorce shows such a degree of moral turpitude and flagrant disregard of marital obligations on her part as is disclosed by the evidence in this case, is an abuse of the discretion with which the statute has clothed the courts in awarding alimony, and for this reason the judgment of the Appellate Court must be reversed, and the cause remanded to that court with directions to reverse the order of the circuit court awarding alimony, and dismiss the petition.

*Judgment reversed.*