Spaulding *v.* Spaulding.

No. 15,875.

### SPAULDING *v.* SPAULDING.

DIVORCE.—*Alimony.*—*Lewd Wife not Entitled to.*—*Abuse of Judicial Discretion.*—A woman who leads a lewd life occupies a very different position from one who retains her chastity, but treats her husband with cruelty; and a wife who lives a life of shame, yielding her person to embraces of different men, has no claim upon the husband she has disgraced to support and maintenance; and while the allowance of alimony is not controlled by definite rules, the determination of each particular case must depend upon its own circumstances, and an enlightened sense of justice and public policy; and a court that grants alimony to a wife who has yielded her person to promiscuous intercourse with men, abuses its discretion.

From the Wells Circuit Court.

*E. R. Wilson* and *J. J. Todd,* for appellant.

*A. L. Sharpe* and *F. L. Burgan,* for appellee.

ELLIOTT, J.—The appellant petitioned for a divorce from the appellee, charging her with adultery, and the court found that the charge was true. A decree of divorce was granted the appellant, and an allowance of nine hundred dollars, as alimony, was made in favor of the appellee. The question as to the correctness of the part of the decree awarding alimony is well made, and properly saved, and it is the important question in the case.

The evidence shows that the appellee was guilty of many adulterous acts, with many men. Her conduct was that of a woman who had surrendered her person to promiscuous intercourse with men, and who yielded to her passion without restraint, and in utter disregard of her duty to her husband. This is not the case of a single act of adultery, nor the case of continued acts with one man, but it is the case of a woman indulging in repeated and flagrant violations of her wifely vows and duties; nor was there any misconduct on the part of the husband

which excused the wife's life of shame; on the contrary, he seems to have borne with her with unusual patience, and to have treated her with kindness. The evidence also shows desertion, and that the appellee left the appellant to live with a paramour. The appellant has property of the probable value of fifteen thousand dollars, but he is in debt to a considerable sum, and his property is incumbered.

In our judgment, the trial court abused its discretion in allowing the appellee alimony. We are satisfied that a wife who lives a life of shame, yielding her person to the embraces of different men, has no claim upon the husband she has disgraced to support or maintenance. Her course of life forfeits all claim to the rights of a wife. We do not regard the decision in the case of *Cox* v. *Cox*, 25 Ind. 303, as opposed to the conclusion we have stated. A woman who lives a lewd life occupies a very different position from one who retains her chastity, but treats her husband with cruelty. We agree to the doctrine of *Hedrick* v. *Hedrick*, 28 Ind. 291, that the allowance of alimony "is not yet controlled by definite rules, and the determination of each case must, therefore, depend upon its own circumstances and an enlightened sense of justice and public policy." We can not agree, however, that the doctrine lends support to the appellee's cause. It would be against public policy, and contrary to justice, to compel a husband to contribute to the support of a wife who had deserted him for another, and who had brought shame upon him by lascivious conduct so gross as to bring her down among courtesans. The doctrine of the case of *Stock* v. *Stock*, 11 Phila. R. 324, applies here with controlling force. In speaking of a defendant, who occupied much the same position as that occupied by the defendant in this case, the court said: "By such a course she throws off alike her allegiance to her husband and to the law, and forfeits the right to demand support from the former, or assist-

ance from the latter to compel him to render it. This is a conclusion supported alike by law, good morals, and public policy." Our statute sanctions this general doctrine, for it denies to an adulterous wife any share of her deceased husband's estate. Our own court has recognized the doctrine, as the decision in *Conner* v. *Conner*, 29 Ind. 48, attests. In that case it was said: "The question, then, is almost purely whether a wife's thrice repeated and promiscuous adultery—the gravest of all possible crimes against the institution of marriage, and against the husband's honor and happiness, and against society—shall receive from our courts the same tender pecuniary consideration which the laws of the State bestow upon honest and virtuous widowhood. To state the question ought to be enough." Other courts have asserted similar conclusions. *Osgood* v. *Osgood*, 2 Paige, 621; *Whitsell* v. *Whitsell*, 8 B. Mon. 50; *Bray* v. *Bray*, 2 Hals. Ch. 27; *Goldsmith* v. *Goldsmith*, 6 Mich. 285; *Latham* v. *Latham*, 30 Gratt. 307; *Harris* v. *Harris*, 31 Gratt. 13; *Spitler* v. *Spitler*, 108 Ill. 120. In the case last named the court, in speaking of a statutory provision similar to ours, said: "On the other hand, because alimony may, under special circumstances, be decreed to the wife, where the divorce has been granted to the husband for her misconduct, it does not follow that such an order would be warranted where the conduct of the wife, as in the present case, has been grossly improper." It was also said: "It was manifestly not the intention of the Legislature, in adopting the provisions of the statute above cited, to abrogate the general principles or policy of the law relating to the subject of alimony; but rather to clothe the courts with power to mitigate occasional hardships that would otherwise occur on account of the inflexible rule that the wife is not entitled to alimony where the divorce is granted to the husband on account of her misconduct."

Under the rule declared in *Cox* v. *Cox, supra,* and *Hed-*

*rick* v. *Hedrick, supra,* we feel bound to adjudge that there was no such abuse of discretion in allowing counsel's fees, or in taxing costs against the appellant as will justify our interference.

Judgment reversed, with instructions to sustain the appellant's motion to modify so much of the decree as awards alimony, and to vacate and annul that allowance; as to all other matters, the decree is affirmed.

Filed October 25, 1892; petition for rehearing overruled December 15, 1892.