Fletcher *v.* Monroe *et al.*

---

FLETCHER *v.* MONROE ET AL.

[No. 17,870. Filed May 14, 1896.]

HUSBAND AND WIFE.—*Inchoate Interest of Wife in Husband's Real Estate.—Dower.—Effect of Divorce.—Statutes Construed.*—Where a wife has been divorced from her husband, on account of his misconduct, she is not entitled, on the death of the husband, to any interest in his real estate, under sections 2640, 2652, and 2660, Burns' R. S. 1894 (sections 2483, 2491, and 2499, R. S. 1881), conveyed by him during such marriage, and in the conveyance of which she did not join.

SAME.—*Divorce.—Effect of on Property Rights.—Alimony.*—A judgment of divorce settles all questions of the divorced wife to a provision by way of alimony, and such decree settles all questions concerning property rights, growing out of the marital relation.

SAME.—*Divorce.—Effect of on Property Rights, Where Divorce is Granted for the Misconduct of the Husband.—Statutes Construed.*—Section 1055, Burns' R. S. 1894 (section 1043, R. S. 1881), providing that, "a divorce granted for the misconduct of the husband shall entitle the wife to the same rights, so far as her real estate is concerned, that she would have been entitled to by his death," has reference to her separate real estate, and does not apply to her husband's real estate.

From the Marion Superior Court. *Affirmed.*

*W. F. Bernheimer,* and *Blackledge & Thornton,* for appellant.

*Van Voris & Spencer,* and *J. E. Franklin,* for appellees.

McCABE, J.—Appellant brought suit for partition, against the appellees, alleging that she was the owner of one-third of the real estate, in her complaint described. The issues formed were tried by the court, without a jury, resulting in a special finding of the facts, on which the court stated certain conclusions of law, leading to judgment for the defendants. The conclusions of law are assigned for error.

The substance of the facts found are that the appellant and Timothy R. Fletcher were husband and wife. During that marriage relation he conveyed the real estate described in the complaint without appellant, his then wife, joining in the deed of conveyance, he being the owner in fee-simple of the property. Appellant thereafter obtained a divorce from him, for his fault, and afterwards he died. The conveyance was executed in 1859, and the divorce obtained February 6, 1874.

The conclusions of law were to the effect that the plaintiff had no interest in the real estate. Her counsel contends that such conclusions of law are in conflict with the following statutory provisions, namely: "If a husband die testate or intestate, leaving a widow, one-third of his real estate shall descend to her in fee-simple," etc. R. S. 1894, section 2640 (R. S. 1881, section 2483).

"A surviving wife is entitled, to   *   *   *   one-third of all the real estate of which her husband may have been seized in fee-simple at any time during the marriage, and in the conveyance of which she may not have joined in due form of law," etc. R. S. 1894, section 2652 (R. S. 1881, section 2491).

"No act or conveyance, performed or executed by

the husband without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law; nor any sale, disposition, transfer, or incumbrance of the husband's property, etc., * * * shall prejudice or extinguish the right of the wife to her third of his lands, etc., * * * or preclude her from the recovery thereof, if otherwise entitled thereto." R. S. 1894, section 2660 (R. S. 1881, section 2499).

The first of the above sections confers the right only upon the surviving widow, the second on the surviving wife, which means the same thing. They both mean to confer the right upon the surviving widow. The last section only, has reference to the right conferred by the other two sections.

A divorce granted to one party, fully dissolves the marriage relation as to both. R. S. 1894, section 1060 (R. S. 1881, section 1048).

The appellant, therefore, was not the surviving widow of Timothy R. Fletcher, and had no rights as such, regardless of the question as to whose fault it was that brought about a dissolution of the marriage relation between them.

Timothy R. Fletcher had a right to remarry, and may have done so, and left surviving him a real widow. He could not leave two lawful widows. The woman he married after the divorce from the plaintiff, if the marriage continued until his death, would certainly be his widow, which necessarily would exclude the appellant as to lands of which he died seized. She is now no more his widow than if he had married a second wife, and died during the continuance of that relation.

A judgment of divorce settles all questions of the right of the divorced wife to a provision by way of alimony. *Nicholson* v. *Nicholson*, 113 Ind. 131. And

such a decree is in lieu and bar of her interest in the real estate of her husband. *Musselman* v. *Musselman*, 44 Ind. 106; *Rice* v. *Rice*, 6 Ind. 100; *Green* v. *Green*, 7 Ind. 113; *Rourke* v. *Rourke*, 8 Ind. 427; *Stafford* v. *Stafford*, 9 Ind. 162; *Hart* v. *Hart*, 11 Ind. 384; *Chandler* v. *Chandler*, 13 Ind. 492; *Cox* v. *Cox*, 25 Ind. 303; *Coon* v. *Coon*, 26 Ind. 189; *Conner* v. *Conner*, 29 Ind. 48; *Hyatt* v. *Hyatt*, 33 Ind. 309.

And such a decree settles all questions concerning property rights, growing out of the marital relation, though the separate property of the wife is not affected by the decree. *Rose* v. *Rose*, 93 Ind. 179, *Behrley* v. *Behrley*, 93 Ind. 255; *Hills* v. *Hills*, 94 Ind. 436; *Yost* v. *Yost* 141 Ind. 584.

It is contended, however, that another section of the statute has some influence on the question here. It provides that: "A divorce granted for misconduct of the husband, shall entitle the wife to the same rights, so far as her real estate is concerned, that she would have been entitled to by his death." R. S. 1894, section 1055 (R. S. 1881, section 1043). That section has been held correctly, we think, to mean the separate real estate of the wife, and has no reference to her husband's real estate. *Lash* v. *Lash*, 58 Ind. 526.

Therefore the superior court did not err in its conclusions of law.