## Charles Stacker v. Jennie D. Stacker.

### Gen. No. 11,435.

1. ALIMONY—*when, may be allowed, notwithstanding divorce is granted to husband.* Upon a showing of equitable circumstances it is not improper to award alimony to the wife upon the granting of a decree to the husband.

Divorce proceeding. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch

Appellate.Court at the October term, 1903.   Affirmed.   Opinion filed
January 6, 1905.

A. S. ROBERTSON, for appellant.

LONGENECKER & LONGENECKER and H. H. McDOWELL, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The Circuit Court, upon a bill filed by appellant, granted him a divorce from appellee, for desertion, and awarded his wife five hundred dollars alimony.   From that part of the decree which gave alimony to the wife this appeal was taken.

It is conceded that under our statute, as construed by repeated decisions of our Supreme Court, alimony may be allowed notwithstanding the divorce is for the fault of the wife.   It is in such cases allowed only where, from all the facts and circumstances, it is equitable to do so.

There is a conflict of testimony between the parties as to whether the husband received from the wife one hundred and seventy-five dollars in money, which has not been repaid, upon which we shall not enter, as the facts concerning which there is no dispute are sufficient to support and justify the award of alimony made by the decree.

The parties were married in March, 1895, and lived together on the farm of appellant in Livingston county nearly six years.   During that time the wife did all of the house work, including the washing and ironing, bought her own clothes and used some of her own money to buy supplies for the house.   The husband did not buy for her a stitch of clothing nor give her a dollar of money.

We think the words of Mr. Justice Scholfield in Deenis v. Deenis, 79 Ill. 74, applicable to the facts of this case.   In that case, as in this, the wife was no longer young, and the husband obtained the divorce for the desertion of the wife. The opinion concludes as follows:   "If the evidence does not show she was entirely justified in deserting her husband it lacks so little that the difference is almost inappre-

ciable. It is equitable that the husband, out of his abundance, should contribute to her support, to prevent her becoming a burden upon others, even if her conduct had been far more objectionable than it is proved to have been."

The decree of the Circuit Court will be affirmed.

*Affirmed.*