## DROLLINGER *v.* DROLLINGER.

[No. 8,436. Filed October 15, 1914.]

DIVORCE.—*Adultery.*—*Alimony.*—Where a divorce was granted to a husband on his cross-complaint alleging no other ground for divorce but that of adultery, the allowance of alimony to the plaintiff was error.

From Fountain Circuit Court; *I. E. Schoonover,* Judge.

Action by Elsie A. Drollinger against Frederick D. Drollinger. From the judgment rendered, the defendant appeals. *Reversed* in part, and *affirmed* in part.

*Valentine E. Livengood,* for appellant.

IBACH, P. J.—Appellee brought this action against appellant for a divorce on the grounds of cruel and inhuman treatment. Appellant filed a cross-complaint asking a divorce on the ground that appellee had been guilty of adultery. The court granted appellant a divorce on his cross-complaint, and allowed appellee $500 alimony, the evidence showing that appellant owned property worth about $1,400.

The court erred in allowing alimony, since the finding in appellant's favor on his cross-complaint is a finding that appellee was guilty of adultery, the only ground for divorce therein alleged. A court that grants alimony to a wife who has yielded her person to intercourse with a man not her

husband, abuses its discretion. No alimony should be allowed in such cases. This proposition is well settled by the decision in the case of *Spaulding* v. *Spaulding* (1892), 133 Ind. 122, 32 N. E. 224, 36 Am. St. 534, and is also supported by the following authorities: *Spitler* v. *Spitler* (1883), 108 Ill. 120; *Goldsmith* v. *Goldsmith* (1859), 6 Mich. 285; *Robards* v. *Robards* (1908), 110 S. W. (Ky.) 422; *Dollins* v. *Dollins* (1904), 83 S. W. (Ky.) 95; 1 Bishop, Mar. and Div. §861. The court should have sustained appellant's motion to annul and modify the judgment for alimony.

Appellee has not briefed the case and has not resisted the appeal.

The judgment is reversed, with instructions to sustain appellant's motion to modify so much of the decree as awards alimony, and to vacate and annul that allowance; as to all other matters, the decree is affirmed, and as the death of appellant since the trial has been suggested, this mandate is to be effective as of date of submission.

NOTE.—Reported in 106 N. E. 428. As to alimony and the allowance of it, see 60 Am. Dec. 665. As to the right of a wife to alimony where a divorce is granted against her, see 20 Ann. Cas. 24. See, also, 14 Cyc. 767.