FITES *v.* FITES.

[No. 9,000. Filed March 29, 1916. Rehearing denied June 9, 1916.]

1. DIVORCE.—*Alimony.*—*Adultery of Wife.*—*Effect.*—While it is true that alimony will not generally be awarded the wife where divorce is granted the husband on the ground that she has been guilty of promiscuous adultery, yet §1083 Burns 1914, §1045 R. S. 1881, vests the court with sufficient authority to award alimony in such a case where it appears that the wife has been instrumental in accumulating the property possessed by the husband. p. 397.

2  DIVORCE.—*Attorney Fees.*—*When Allowable.*—*Statute.*—The power to award fees to the wife's attorneys in an action for divorce coming to the court solely by statutory authority, there must be, in making such allowances, strict adherence to the terms of the statute (§1080 Burns 1914, §1042 R. S. 1881) which, while permitting the award of fees to the wife's attorneys during the pendency of the petition for divorce does not authorize such an allowance to be made primarily as a part of the final judgment. p. 398.

From St. Joseph Superior Court; *Vernon Van Fleet,* Judge.

Action by Edward Fites against Nancy Fites. Judgment for plaintiff in part, and from an order overruling his motion to modify the judgment the plaintiff appeals. *Reversed.*

*Charles Weidler, Orie Parker* and *Samuel Pettengill,* for appellant.

*Guy N. Bever, Rodney H. Bayless* and *Clifford V. DuComb,* for appellee.

IBACH, C. J.—In this case the court granted a divorce to appellant on the grounds "alleged in his complaint." The grounds pleaded are "adultery with one Mike McClanahan and divers other men", habitual drunkenness and cruel treatment. On granting the divorce the court decreed appellee $350 alimony, and the further sum of $175 for attorneys' fees. Appellant is here contending that the trial court erred in overruling his motion to modify the judgment on the ground that alimony can not be decreed where a divorce is granted to the husband because of the adulterous conduct of the wife.

While authority is given the trial court generally to award alimony (§1083 Burns 1914, §1045 R. S. 1881), yet in almost every instance where the wife has yielded her person to promiscuous intercourse with other men, and the divorce has been granted to the husband on that ground, the higher courts have set aside an award of alimony to her, if such was granted by the trial court. The case which clearly lays down this rule is *Spaulding* v. *Spaulding* (1892), 133 Ind. 122, 32 N. E. 224, 36 Am. St. 534. See also *Drollinger* v. *Drollinger* (1914), 57 Ind. App. 115, 106 N. E. 428, and cases there cited. The courts, however, have recognized an exception to this general rule, where the wife's industry has aided in accumulating the

property possessed by the husband, and it is also held to be contrary to public policy to leave a wife destitute, even though adulterous. *Conner* v. *Conner* (1867), **29** Ind. 48; *Fivecoat* v. *Fivecoat* (1871), 32 Iowa 198.

While the evidence is not before us, appellant in his motion to modify admits that appellee's evidence tended to show that she had contributed to her husband's property. From this, together with the presumption which we are permitted to indulge in support of the judgment, we are justified in holding that this case forms an exception to the general rule and the court did not err in adjudging the alimony to appellee.

Appellant also insists that it was error for the court to award judgment against him for appellee's attorneys' fees. The power to award fees 2. for services rendered by attorneys for the wife, in connection with divorce cases, is not a power inherent in the common law, but comes to the trial court solely by virtue of the statute and, before any order with respect thereto will be upheld, it must appear that the provisions of the statute have been followed. Section 1080 Burns 1914, §1042 R. S. 1881, authorizes the court "pending a petition for divorce" to make such orders "relative to the expense of such suit as will insure to the wife an efficient preparation for her case," etc., and "on decreeing a divorce in favor of the wife or refusing one on the application of the husband," the court may require the husband to pay the reasonable expenses of the wife in the prosecution or defense of her action. In the case at bar, no order of the court of the character contemplated by the foregoing section of the statute was made until the final decree was entered. The decree was not in favor of appellee, the wife, but was for

appellant, the husband; so that, while the statute requires the payment of money to the wife for attorneys' fees and expenses during the pendency of the suit, when such order as is contemplated by the statute is .made, it does not authorize such a decree as a part of the final judgment in this case. *McCullough* v. *Robinson* (1851), 2 Ind. 630; *Davis* v. *Davis* (1895), 141 Ind. 367, 40 N. E. 803; *McCue* v. *McCue* (1897), 149 Ind. 466, 49 N. E. 382; *Newman* v. *Newman* (1873), 69 Ill. 167; *Lacey* v. *Lacey* (1895), 108 Cal. 45, 40 Pac. 1056; *Wilde* v. *Wilde* (1866), 2 Nev. 306; *Johnson* v. *Johnson* (1896), 57 Kan. 343, 46 Pac. 700.

The court erred in allowing attorneys' fees to appellee and for this error the judgment is reversed, with directions to the trial court to modify the judgment in accordance with this opinion.

NOTE.—Reported in 112 N. E. 39. Wife's right to alimony on the granting of an absolute divorce to husband, 20 L. R. A. (N. S.) 421; 30 L. R. A. (N. S.) 73; 20 Ann. Cas. 24; Ann. Cas. 1915C 1252; 14 Cyc 767, 102 Am. St. 700. Liability of husband for services of wife, 24 L. R. A. 629.