M. E. GILLETT and D. C. GILLETT, PARTNERS AS GILLETT & SON, *Appellants*, v. HARRISON T. BEACHMAN, *Appellee*.

A decree will not be reversed as being against the evidence and because no replication was filed, when ample evidence to support the decree was filed by consent.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*E. R. Gunby,* for Appellants;

*F. M. Simonton,* for Appellee.

WHITFIELD, C. J.—Beachman agreed to sell Gillett & Son 2-8 interest in the Schooner "Brazos" at any time within a year from April, 1906, ,for $3,250.00, without interest. On December 4, 1906, Gillett & Son wired Beacham to know if he would accept $3,250.00 and interest for his 2-8 interest in the Schooner. Beacham replied that he would accept $3,250.00 for his ¼ interest in the Schooner, but was entitled to his dividends on his earnings of the Schooner. Gillett & Son remitted $3,401.60 to Beacham, and Beacham sent them a bill of sale for his interest in the vessel, and at the same time protested that he was entitled to more as dividends. Finally suit was brought by Beacham against Gillett & Son for an accounting as to profits due him for the period from April, 1906, to December, 1906, when Beacham conveyed his interest in the vessel to Gillett & Son. The defense set up is that the acceptance of the $3,401.60 remitted to Beacham and the conveyance of his interest in the vessel to Gillett & Son constituted a new contract resulting in a conveyance of Beacham's interest in the Schooner, including dividends due to him to the date of the conveyance. This is not borne out by the evidence. The correspondence shows that Beacham did not expressly or impliedly relinquish his claim to dividends.

The decree in favor of Beacham is founded on statements filed by consent. It is contended that an error was made in allowing Beacham credit for insurance premiums paid on the vessel, but this is not sustained since Gillett & Son remitted $3,401.60 to Beacham, being $151.60 over the $3,250.00, due as the agreed purchase price, and this

$151.60 is $28.48 in excess of the $123.12 paid by Beacham for insurance premiums, and the $28.48 was deducted from the $746.26 found to be due to Beacham by the statements filed by consent, leaving $717.78, the amount for which the decree was rendered.   It was not suggested in the Circuit Court that the insurance premium was not a proper charge against the vessel.

The defendants, appellants here, cannot complain that no replication was filed when the evidence in support of the bill of complaint was filed by consent, and sustains the decree.

The decree is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.