YAEGER-STUCKEY LIVE STOCK COMPANY, A CORPORATION, *Appellant*, v. FLORIDA PECAN ENDOWMENT COMPANY, A CORPORATION, *Appellee*.

Opinion filed May 26, 1919.

Where the testimony is conflicting and there is ample evidence to support the finding of the chancellor, the decree will not be reversed on the evidence.

An Appeal from the Circuit Court for Leon County; E. C. Love, Judge.

Decree affirmed.

*J. M. Calhoun*, for Appellant.

*W. J. Oven* and *F. B. Winthrop*, for Appellee.

BROWNE, C. J.—The appellant seeks by injucntion to restrain appellee from closing to the public a gate opening from a plantation road to a public road in Leon County. A temporary restraining order was granted, which, on final hearing, was dissolved and perpetual injunction refused.

The first assignment of error is that the "court erred in holding that the act of the Legislature of 1917, Chapter 7326, was unconstitutional and void." This question although raised by the pleadings and discussed in the briefs was not decided by the court below, nor was its determination necessary to the proper disposition of the cause. We, therefore, do not pass on the question.

The finding of the court below was that "the complainant has not sustained the material allegations of his bill

of complaint put in issue by the defendant's answer by a preponderance of the evidence submitted." The case was disposed of solely on the evidence. After a careful examination of the record, we cannot say that there was not ample evidence to support the finding of the chancellor.

It is a well-settled rule that where the testimony is conflicting, but there is ample evidence to support the finding of the chancellor, the decree will not be reversed on the evidence. Sheppard v. Crowley, 61 Fla. 735, 55 South. Rep. 841; Alles v. Diaz, 62 Fla. 421, 57 South. Rep. 614; Gillett v. Beachman, 63 Fla. 438, 57 South. Rep. 615; Millinor v. Thornhill, 63 Fla. 531, 58 South. Rep. 34.

The decree is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, JJ., concur.