WILLIE PEARL PHINNEY, *Appellant*, v. ERNEST G. PHIN-
NEY, *Appellee*.

Opinion filed June 9, 1919.

1. Where the testimony is conflicting but there is ample evi-
dence to support the finding of the chancellor, the decree
will not be reversed on the evidence.

2. Under the statutes of this State, permanent alimony cannot
be awarded to the former wife in a suit by the husband
where the divorce is granted for the fault of the wife.

An Appeal from the Circuit Court for Duval County;
Daniel A. Simmons, Judge.

WHITFIELD AND WEST, JJ., dissent as to 2nd notehead.

Affirmed in part; reversed in part.

*Myers & Myers* and *W. M. Toomer*, for Appellant.

*Cromwell Gibbons*, for Appellee.

BROWNE, C. J.—In a suit for divorce brought by the
husband on the grounds of extreme cruelty to complain-
ant, and habitual indulgence in violent and ungovern-
able temper, a final decree was entered by the chancellor
who found the equities to be with the complainant and
granted the divorce.    The decree further ordered the com-
plainant to pay his former wife the sum of $100.00 a
month as permanent alimony.    An appeal from this de-
cree was taken by the wife, and cross assignments of er-
ror filed by the husband as to so much of the final decree
as awarded permanent alimony to the defendant.

There is some conflict in the testimony, which is quite voluminous, but there is ample evidence to support the decree of the chancellor, both as to the jurisdictional matter of the domicile of the complainant, and of the allegations of the bill charging the wife with extreme cruelty to complainant, and habitual indulgence in violent and ungovernable temper.

It is a well settled rule of this court that where the testimony is conflicting but there is ample evidence to support the finding of the chancellor, the decree will not be recersed on the evidence. Sheppard v. Crowley, 61 Fla. 735, 55 South. Rep. 841; Alles v. Diaz, 62 Fla. 421, 57 South. Rep. 614; Gillett v. Beachman, 63 Fla. 438, 57 South. Rep. 615; Millinor v. Thornhill, 63 Fla. 531, 58 South. Rep. 34; Tampa Water Works Co. v. City of Tampa, decided at this term of the court.

The right of the former wife to be awarded permanent alimony after divorce granted the husband for her fault, is a matter of law, and the question is brought here for review by the cross appeal of the complainant.

The statute of Florida governing the granting of permanent alimony upon decrees of divorce is as follows: "In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous wife." See 1932, General Statutes of Florida, 1906, Compiled Laws, 1914.

This restricts the granting of alimony upon a decree of divorce to cases in which the suit is brought by the wife. The legislative intention thus set out is in accord with sound principles of justice. "Alimony had its origin in the legal obligations of the husband, incident to the marriage state, to maintain his wife in a manner suited to his means and social position, and although it is her right, she may by her misconduct forfeit it; and when she is the offender, she cannot have alimony on a divorce decreed in favor of her husband. So long as he has committed no breach of marital duty, he is under no obligation to provied her a separate maintenance, for she cannot claim it on the ground of her own misconduct." Harris v. Harris, 31 Gratt. (Va.) 13.

The authorities are not in full accord on this question, although in most of the States where permanent alimony is granted the former wife in a suit brought by the husband, and decree of divorce rendered against her, there are statutes expressly permitting it, or from which the right to so award alimony may be reasonably implied. The Supreme Court of Colorado holds that without the aid of a statute a court of equity will generally decree that the wife as well as the children shall be provided with the necessities of life out of the husband and father's estate, as far as possible unless her misconduct has been very gross; and the fact that the divorce was granted for her fault certainly will not deprive her of all relief, where she is still deemed worthy to be intrusted with the custody of the children." Luthe v. Luthe, 12 Colo. 421.

California holds to the opposite view that, "When the court grants a divorce of the husband on account of the offense of the wife, it cannot require the husband to pay to the wife after the divorce, out of his separate prop-

erty, a sum or sums of money for her support." Everett v. Everett, 52 Cal. 383.

The statute upon which the California decisions rest is of similar import to the Florida statute, the distinction being only in phraseology. The California statute provides that "Where a divorce is granted for an offense of the husband, the court may compel him * * * to make such suitable allowance to the wife, for her support during her life or for a shorter period, as the court may deem just," while the Florida statute says. "In every decree of divorce, in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money," etc.

No useful purpose would be served by a discussion of the cases from those states that have statutes which in effect provide that "upon decreeing the dissolution of a marriage, and also upon decreeing a divorce whether from the bond of matrimony or from bed and board, the court may make such further order as it shall deem expedient concerning the estate and maintenance of the party, or either of them."

The quoted passage *supra*, is from the Virginia statute, and under it the Supreme Court of that State in a very learned discussion of the history and principles cntrolling the award of alimony, holds that permanent alimony upon divorce cannot be granted where the divorce is obtained by the husband. Harris v. Harris, *supra*.

But in Indiana under a statute of similar import, it is held that alimony may be awarded to the former wife in a suit where the husband was the complainant. Cox v. Cox, 25 Ind. 303; Conner v. Conner, 29 Ind. 48.

Most of the decisions holding that alimony can be awarded the former wife in a decree granting a divorce to the husband are predicated upon a finding that the entire blame did not rest upon the wife. The fallacy in this reasoning seems palpable, for why should a decree of divorce be granted to the husband if the wife be not wholly to blame?

Others are predicated upon the finding that the wife helped accumulate the estate out of which the alimony was to be paid. Conner v. Conner, *supra*.

For a very full collection of cases where this question is discussed, see note to Davis v. Davis, (Ga.) 20 Am. & Eng. Ann. Cas. 20.

We consider that the section of the General Statutes of Florida, cited *supra* controls the determination of this question, and that permanent alimony cannot be awarded to the former wife in a suit brought by the husband, where the divorce is granted for the fault of the wife.

The decree of the chancellor granting the divorce is affirmed, but so much of the decree as requires the complainant below to pay the respondent $100.00 a month or any other sum as permanent alimony, is reversed.

TAYLOR AND ELLIS, JJ., concur.

WHITFIELD AND WEST, JJ., dissent as to the reversal feature of this decree.