SARAH LYNDA NOLEN v. PAUL W. NOLEN.

163 So. 401.

Opinion Filed October 1, 1935.

Rehearing Denied October 18, 1935.

*Erle B. Askew,* and *Lawrence D. Child,* for Appellant; *Blanchard & Hoffman,* for Appellee.

BUFORD, J.—The appeal here is from a decree of divorce granted on an amended bill of complaint with amendment thereto and testimony taken.

The amended bill of complaint sufficiently alleged two grounds of divorce, extreme cruelty and that defendant was possessed of a violent and ungovernable temper.

There is some conflict in the testimony but the record is sufficient to support the decree of the Chancellor.

In short, there is substantial evidence in the record to show that for more than eight years continuously the defendant's treatment of the complainant was cruel and inhuman, not that she inflicted any physical injury, upon him by the administration of blows, or personal assault, but by continuously, both day and night, nagging at him in every conceivable way, quarrelling with him, threatening his life, accusing him of infidelity; threatening to kill him and to kill herself, as well as to kill their daughter. The record shows that she would wake him up at all hours of the night when he needed rest, because he was a hardworking man, and at such times would proceed to abuse him, threaten him and accuse him of immoral conduct, of which he was not guilty and for which there was no foundation in fact.

The record shows that she was just such a woman as King Solomon referred to when he said: "It is better to dwell in a corner of the housetop than with a brawling woman in a wide house." Proverbs 21:9; Proverbs 25:24. Solomon was evidently impressed with the truth of this statement because we find it repeated verbatim. Solomon was not only a man of great wisdom but he also had occasion to learn from broad experience much about women.

There is probably no greater cruelty which may be inflicted upon a self-respecting, peace-loving man than that which is inflicted by a contentious, unreasonable and nagging woman making his life unhappy, and well nigh unbearable, by a continuous indulgence in faultfinding, nagging, threatening and false accusing her husband of improper and disgraceful conduct, arousing him from his sleep at all hours of the night only to engage in a brawling, quarreling and abusive language. Such conduct on the part of a wife is bound to cause her husband a constant worry, anguish and grief, and renders cohabitation intolerable and unsafe.

The cross assignment of error challenges the propriety of the provision in the decree granting the divorced wife permanent alimony. We find no substantial support in the record for this item of the decree. It is clear that the decree of divorce was granted in this case because of the fault of the wife and that the suit was filed and maintained by the husband. Unless the granting of alimony is shown to be in satisfaction of an established claim to equitable or other rights in jointly accumulated property, it must find support in statutory provisions. The record here totally fails to show that the wife contributed to the accumulation of the husband's property in such manner as for her to be entitled in equity and good conscience to be decreed a substantial portion of it for her needs and maintenance. In fact, the

record shows that for many years she has been a detriment rather than an aid. Therefore, she was only entitled to alimony if she could have the same under the provisions of our statute. The decree, having been obtained because of the fault and misconduct of the wife, the decree for permanent alimony was error. Phinney v. Phinney, 77 Fla. 850, 82 Sou. 357.

The cases in this jurisdiction are legion holding that where the testimony is conflicting, but there is ample evidence to support the findings of the Chancellor, the decree will not be reversed on the evidence. So the decree should be reversed in so far as it grants permanent alimony to the defendant and affirmed in all other respects. The costs of the appeal should be taxed one-half against each of the parties.

It is so ordered.

Affirmed except as to alimony.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.