C. W. JOHNSON v. ANNIE SUE JOHNSON.

175 So. 234.
Opinion Filed June 18, 1937.

*William Lamar Rose,* for Appellant;
*Wm. J. Wood,* for Appellee.

TERRELL, J.—This appeal is from a final decree awarding a divorce and twenty-five dollars per month alimony to the appellee, the appeal being limited to that part of the final decree awarding alimony.

The qestion argued is whether or not the chancellor had the power to award alimony in a suit for divorce, the latter

having been granted because of delinquency charged against the wife.

The appellant contends that the chancellor had no such power and relies on Section 3195 Revised General Statutes of 1920, Section 4987, Compiled General Laws of 1927. The concluding part of the latter statute barring alimony and relied on by appellant applies only to an "adulterous wife" but there being no charge of adultery involved in this case, the statute has no application.

The record discloses that the allowance of alimony was by voluntary agreement of the appellant. Such agreements are recognized in this state. Gallemore v. Gallemore, 94 Fla. 516, 114 So. 371. Such agreements are also approved by Chapter 16780, Acts of 1935, and may be modified from time to time in the manner provided in said Act when the circumstances of the parties warrant.

We are not confronted with a prayer for modification. No reason therefor is shown and assuming but not deciding that the bill of complaint is sufficient to state a cause of action, we find no reason to reverse the chancellor so his decree is affirmed.

Affirmed.

BROWN and BUFORD, J. J., concur.

ELLIS, C. J., and DAVIS, J., concur specially.

DAVIS, J. (concurring).—When a wife is the offender, even though not an adulteress, her misconduct in committing a cause for divorce forfeits her right to obtain alimony, except under extraordinary circumstances where she has materially contributed to the husband's estate. Phinney v. Phinney, 77 Fla. 850, 82 Sou. Rep. 357; Nolen v. Nolen, 121 Fla. 130, 163 Sou. Rep. 401. This opinion affirming alimony in the case should not be construed as departing

from our previous holdings on the subject. Here the husband stipulated for the allowance.

ELLIS, C. J., concurs.