ZEMA A. COWAN v. CLYDE C. COWAN
2 So. (2nd) 869
Opinion Filed June 10, 1941

*J. M. & H. P. Sapp,* for Appellant;

*Clyde R. Brown,* for Appellee.

TERRELL, J.—Appellant filed his bill for divorce alleging habitual intemperance on the part of defendant. Appellee answered with a cross bill denying the allegations as to intemperance and countering with a charge of cruelty on the part of complainant. On final hearing, the chancellor granted complainant a divorce and the cross complainant fifteen dollars per month permanent alimony. This appeal is from that part of the final decree granting permanent alimony.

Appellant contends that the chancellor was without power to grant alimony when the divorce was occasioned by the fault of the wife. This is true in cases of adultery but in all other cases, the matter is one in the discretion of the chancellor. We have examined the record in this case and it fails to show that the chancellor abused his discretion. The final decree is accordingly affirmed on authority of Randolph v. Randolph, decided March 25, 1941.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

ADAMS, J., dissents.

BROWN, C. J. (concurring).—The effect of the opinion and decision in this case is to overrule the

holding of this Court in Phinney v. Phinney, 77 Fla. 850, 82 So. 357. In that case a divorce had been granted to the husband on the grounds of extreme cruelty and habitual indulgence in violent and ungovernable temper. The final decree ordered the complainant husband to pay his former wife the sum of $100.00 per month as permanent alimony. In the case of Phinney v. Phinney, *supra,* this Court said:

"The statute of Florida governing the granting of permanent alimony upon decrees of divorce is as follows: 'In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous wife.' See 1932, General Statutes of Florida, 1906, Compiled Laws, 1914."

"This restricts the granting of alimony upon a decree of divorce to cases in which the suit is brought by the wife. The legislative intention thus set out is in accord with sound principles of justice. 'Alimony had its origin in the legal obligations of the husband, incident to the marriage state, to maintain his wife in a manner suited to his means and social position, and although it is her right, she may by her misconduct forfeit it; and when she is the offender, she cannot have alimony on a divorce dereed in favor of her husband. So long as he has committed no breach of marital duty, he is under no obligation to provide her a separate maintenance, for she cannot claim it on the ground of her own misconduct.' Harris v. Harris, 31 Gratt. (Va.) 13."

In the case of Randolph v. Randolph, decided March 25, 1941, 146 Fla. 491, 1 So. (2nd) 480, as pointed out in the opinion of Mr. Justice TERRELL in that case, the chancellor made no allowance for alimony but did award the appellant wife $10.00 per week as support for the younger of the two children. So the exact question here presented was not presented in that case, on the facts of the case. However, the question was raised in the briefs of counsel and was discussed in the opinion of Mr. Justice TERRELL in that case, as follows:

"Appellee contends that a proper interpretation of the statute so quoted bars any offending spouse from alimony if she was the actuating cause of the divorce, and that since he was granted a divorce for defendant's cruelty, she is not entitled to alimony. He relies on Phinney v. Phinney, 77 Fla. 850, 82 So. 357, to support this contention.

"We do not so interpret the statute and the last cited case when read in the light of the statute does not warrant that interpretation. The only class barred absolutely from alimony is the adulterous wife. In all other cases, the chancellor may award such amounts for alimony as in the 'circumstances of the parties and nature of the case may be fit, equitable and just.' Aside from adultery, the circumstances and conduct of an offending spouse might be such as to bar her from alimony but this is a matter solely in the discretion of the chancellor governed by equity and justice and the condition of both parties. All these factors the chancellor should consider and adjudicate the claim for alimony accordingly."

I fully concur in the above reasoning of Mr. Justice TERRELL in Randolph v. Randolph, but, in my opinion,

it does overrule the holding of this Court in Phinney v. Phinney, *supra,* as stated in the second headnote in that case, and as indicated by the foregoing quotation from the Phinney case.

The effect of the holding in this case, is, in my opinion, to definitely overrule the holding of this Court in Phinney v. Phinney, *supra;* the question involved being squarely presented in this case. Therefore there need be no uncertainty in the minds of the bench and bar as to the position of this Court on this question, which involved of course, the construction of Section 4987, Compiled General Laws of 1927, which is identical with Section 3195 of Revised General Statutes of 1920 and Section 1932 of General Statutes of 1906.