PER CURIAM.
William C. Pryor and wife, appellants here, entered into a contract with Theodore Bass, the appellee, to construct for them a home' in Fort Walton, Florida. The specifications and drawings for the house had been planned originally for Mr. and Mrs. Charles H. Pease of Indiana. The Pease specifications did not entirely meet the needs of the appellants, in that the standard of construction required reached a cost not acceptable to them. Certain modifications were made, after which the drawings, specifications and modifications were made a part of the contract calling for the construction of the house for the price of $20,000. During the course of construction, numerous changes were requested by the appellants, which resulted in additions and deletions. At one time during the course of construction, the contractor — apparently because of what he considered unreasonable change orders— abandoned the job and testified that he did not return and complete the job until the owners agreed that he would be paid the cost involved in the change orders, plus' IS percent for supervision and profit.
Certain advancements were made by the owners 'during construction; and upon completion the balance of the contract price of $20,000 was paid in full. Subsequent to the final payment by the-owners, the Modern Flooring Company filed a lien against the job.in the amount of $1,774; and in order to protect the property against foreclosure of the lien and upon advice of counsel, the owners paid Modern Flooring Company $1,700. This last item brought the total payments by the owners to an aggregate of $21,700.00.
The contractor then presented his claim for extras in the amount of $7,659.52, which included his claim of $999.05 for profit and supervision on the extras. The owners admitted liability for a few of the extras, but denied liability as to most of them, and contended that the prices charged were exorbitant. They contended also that many of the items called for in the drawings and specifications had been omitted and that they were entitled to. payment for such omissions.
The parties being unable to adjust their differences, the appellee-contractor, who was plaintiff below, instituted this suit in chancery to enforce collection of his alleged 'balance, contending that the contract had been abandoned and completely abrogated and that he was entitled to settlement on a quantum meruit basis, and, in the alternative, that he was entitled to the contract price of $20,000.00 plus his claim of $7,659.52 for extras ordered by the owner. The owners filed an answer and counterclaim, in which they denied that certain of the items were extras and contended that the charges were excessive. The owners also set up' in their answer and counterclaim the necessary payment of $1,700.00 •to Modern Flooring Company and alleged damages of $2,500.00 to their property because of faulty construction.
The cause came on for trial before the Chancellor, who heard the testimony. There were numerous conflicts in the testimony as to the value of the extras put into the job by the contractor and the value of the omissions and substitutions by the contractor. At the conclusion of the evidence, the court entered its decree which, except for the enforcement provision, was in the following form:
“This cause coming on for final hearing upon bill of complaint, answer, *47 incorporating a set-off or counter-' claim, the testimony .and briefs of - counsel, and the court having consid--ered the same finds for the plaintiff and that the defendants are indebted to him on account of the matters and . things alleged in the hill in the sum of ■■ $3,547.74, for which he is entitled to a lien upon the the property described in the 'bill, to wit: * * (The emphasis is supplied.)
Concurrently with the filing of the final decree, the Chancellor also filed what he identified as a memorandum in support of the decree and which was in the following language:
“The only real dispute betwéen the-parties appears to be as-to the extent and value of the alterations required from time to time during the construction of the building. Defendants do not deny — on the contrary they admit — that several of the alterations specified by the plaintiff iri his claim were made; that-they were'deviations from the original plans and that it was ■agreed that plaintiff would be paid therefor the costs (material and labor) .plus 15%. It is clear that the -defendants recognized that plaintiff had a -■ just claim for some amount. When they could not agree and plaintiff filed his claim which they considered exorbitant they countered with an off-sét or counterclaim which the court is constrained to hold has not been supported by the evidence. The decree is for an amount which the court finds from the evidence to be just, and equitable.”.
It is obvious from a reading of tlie final decree and memorandum supporting it that the- Chancellor held the contract to be in full force and effect and allowed the contractor the sum of $3,547.74 for “the matters and things alleged in the bill.” Although the value of such extras was highly controversial, it was a determination -of fact made by the Chancellor who heard'the witnesses, arid the cases are legion-which hold that this court will not disturb such findings, where amply supported- 'by evidence in the record. Lovett v. Peoples First Nat. Bank of Quitman, 130 Fla. 142, 178 So. 124; Nolen v. Nolen, 121 Fla. 130, 163 So. 401.
It should be noted, however, that 'in the memorandum supporting the decree, the court commented: “When they could not agree and'pláintiff-filed his claim which they considered éxorbitánt, they countered with an off-set or counterclaim which the court is constrained to hold has not been supported by the evidence.” (Emphasis is supplied.) During the ' progress of this appeal, and pursuant to -an order of this court, the Chancellor enlarged upon this memorandum opinion by stating specifically that- “* * * the item of $1,700 paid by the defendants [was] disallowed.” This was error. The -owners alleged in their answer and counterclaim -that the contractor had allowed a lien by the Modern Flooring Company to be filed and that it was ‘necessary for them to pay $1,700 to extinguish this lien. 'William C. Pryor, one of the owners, testified positively that he paid Modem Flooring Company the sum of $1,-700, and such testimony was neyer disputed nor denied by -the contractor. Chancellors are accorded a broad range of discretion in settling the -conflicts in .testimony. But where, as here,-the allegation of payment of the sum of $1,700 is not denied in the pleadings and where there is ' clear, positive, convincing and underiied ' testimony that such a sum was paid by the' owners to settle a bill owed by the contractor for the flooring in the property, the proof was so clear and convincing that, it was error to ignore it. • . .
For the reasons stated, the- decree should be modified by.crediting the counterclaimed ■item of $1,700, leaving a balance due-of $1,847.74.
As modified, the decree is affirmed.
ROBÉRTS, G J., and TERRELL, THOMAS, SEBRING, HOBSON, and MATHEWS JJ., concur.
DREW, J., dissents. ■