PER CURIAM.
This is an appeal from a final decree entered in divorce proceedings instituted in the lower court by plaintiff-appellant, dismissing the appellant’s suit on the ground that “there is not sufficient evidentiary basis for the granting of the divorce” sought by the appellant.
The appellant based her suit for divorce upon the ground, inter alia, of extreme cruelty. Except for.a formal answer filed in the cause by the husband, the suit was not contested by him.
The testimony adduced by appellant showed that the parties were married in 1922 and had two children, both of whom are now grown. They lived together (except for various intervals during which the' appellant left her husband) until' 1942,' and have not lived together since that time. The husband has however been supporting the appellant under a separation agreement entered into by the parties in 1944, and appears to be willing to continue to do so, according to a separation agreement entered into by the parties in 1953, which agreement is not substantially different from the 1944 agreement. But is goes without saying that such agreements will not vitiate divorce proceedings, if they are otherwise valid.
The appellant, in support of her, complaint, testified that during their married life the husband ran around with other women; that he would do so in her presence and when she would protest, would say that it was none of her business, that he would do as he pleased; that he nagged and used abusive language toward her and drank; that because of such conduct, several times during their married life for health reasons she was compelled to leave him, but would return in the hope that he would change and for the sake of their two children; that finally, in 1942, when the defendant stayed out all night and came in about 5 o’clock in the morning, was very abusive toward her, and used vile language, she left him for good. Her testimony as to his habitual nagging and abusive language and conduct with other women was corroborated by one of appellant’s witnesses, who also testified as to the bad effect of the husband’s conduct oh the health of the appellant and the difference in temperament between the spouses.
The above evidence would certainly appear to be ample to sustain a charge of extreme cruelty as a ground for divorce under the decisions of this court. Compare Baldwin v. Baldwin, 151 Fla. 341, 9 So.2d 717; Blue v. Blue, Fla., 66 So.2d 228; Nolen v. Nolen, 121 Fla. 130, 163 So. 401; Walstrom v. Walstrom, 124 Fla. 366, 168 So. 532. And there is nothing in the record to cast doubt upon the veraciy of the witnesses; in fact, the Chancellor apparently believed them, but held that their testimony was insufficient to justify his granting a divorce.
Nor should the fact that the appellant waited twelve years before seeking a legal' dissolution of the marriage bonds bar her suit.- Her grievances against him are just as much' an impediment to marital felicity now as they were twelve years ago. We have no doubt that, on the showing here made, this is another case where the couple “can never sail the matrimonial sea, except in storm, tempest, fog and misery. They can only wound and never comfort one another.” McGee v. McGee, 149 Fla. 31, 5 So.2d 49.
It was, then, error to dismiss the appellant’s bill, and the decree appealed from is, accordingly, reversed -for the entry of a *283 decree of divorce in accordance with the prayer of the appellant.-
Reversed.
ROBERTS, C. J., and THOMAS, SE-BRING, HOBSON, MATHEWS and DREW, JJ., concur.
TERRELL, J., dissents.