Zimmerman, J.
From Armstrong’s standpoint “the sole question in this case is whether the courts of Ohio, under Article IY of the Constitution of the United States, are compelled to give full faith and credit to the entire decree for divorce rendered in Florida, the matrimonial domicile of the parties, which decree denied alimony to the wife, or whether the courts of Ohio can recognize the decree for divorce to the husband, but still award alimony to the wife.”
*409 Of course, Armstrong answers the first part of the question in the affirmative and the latter part in the negative.
In support of his position, Armstrong relies primarily on the case of Thompson v. Thompson, 226 U. S., 551, 57 L. Ed., 347, 33 S. Ct., 129.
In that case it was held that a court in Virginia, the matrimonial domicile of the parties, had jurisdiction to render a decree of divorce in favor of the husband on constructive service of summons on the wife, and that such decree was entitled to “full faith and credit” in the District of Columbia. It was further held that such decree foreclosed any right of the wife to sue for alimony in the District of Columbia for the reason that the holdings of the Virginia courts are that a wife who is the offender can not be allowed alimony on a divorce decree obtained by her husband.
The facts and situation in the Thompson case are not the same as those in the instant ease. From a reading of the bill of complaint for divorce filed by Armstrong in the Circuit Court of Dade County, Florida, against his wife, it is plain that he charged her with conduct which in the divorce statutes of this state are termed “extreme cruelty” and “gross neglect of duty.” No statute or decision in Florida has been called to our attention which states that a Florida court may not award alimony to a wife divorced by her husband because of her aggression, unless she has committed adultery. See Cowan v. Cowan, 147 Fla., 473, 2 So. (2d), 869. Compare Fiesler v. Fiesler, 83 Ohio St., 200, 93 N. E., 899.
It may be here interposed that since the decision of the United States Supreme Court in the case of Williams v. North Carolina, 317 U. S., 287, 87 L. Ed., 279, 63 S. Ct., 207, 143 A. L. R., 1273, the factor of “matrimonial domicile” is no longer regarded as important. See annotation, 143 A. L. R., 1294.
*410 The rale of general acceptance is that a divorce decree obtained against a nonresident defendant solely upon constructive service, if such service is authorized in the state granting the divorce, is entitled to full faith and credit elsewhere, providing such constructive service meets the requirements of due process and the plaintiff at the time of instituting the divorce proceeding was legally domiciled in the state granting the divorce. Williams v. North Carolina, supra; annotation, 28 A. L. R. (2d), 1306
But may a divorce decree secured by a husband even in the so-called matrimonial domicile, where service of summons on the wife, then residing in another state, has been by publication only, deny the wife any right to alimony, so that such denial must be recognized as conclusive in another jurisdiction? We do not think so.
We would approve the rule that such a decree as it concerns the denial of alimony to the wife is not entitled to full faith and credit in another state. A decree of that kind is one in personam and requires either an appearance by, or lawful personal service on, the wife, in order to have extraterritorial effect. In other words, in a situation of the kind under discussion, that part of the decree granting a divorce may be immutable, but that part which purports to fix alimony rights is not, and alimony may be the subject of adjudication in the court of another state at a future time. What has been said finds sanction in the Ohio cases of Cox v. Cox, 19 Ohio St., 502, 2 Am. Rep., 415; Doerr v. Forsythe, Admx., 50 Ohio St., 726, 35 N. E., 1055, 40 Am. St. Rep., 703; Weidman v. Weidman, 57 Ohio St., 101, 103, 48 N. E., 506, 507; Bay v. Bay, 85 Ohio St., 417, 426, 427, 98 N. E., 109, 110; and Slapp v. Slapp, 143 Ohio St., 105, 54 N. E. (2d), 153.
Although not directly in point from a factual standpoint, we believe the following cases also lend support *411 to the position we have taken: Estin v. Estin, 334 U. S., 541, 92 L. Ed., 1561, 68 S. Ct., 1213, 1 A. L. R. (2d), 1412; and May v. Anderson, 345 U. S., 528, 97 L. Ed., 1221, 73 S. Ct., 840. And see the concurring opinion of Mr. Justice Douglas in Esenwein v. Pennsylvania, ex rel Esenwein, 325 U. S., 279, 89 L. Ed., 1608, 65 S. Ct., 1118, 157 A. L. R., 1396.
In the case of Pawley v. Pawley (Florida), 46 So. (2d), 464, 28 A. L. R. (2d), 1358, certiorari denied, 340 U. S., 866, 95 L. Ed., 632, 71 S. Ct., 90, the husband secured a Cuban decree of divorce against his wife, a resident of Florida, on the ground of desertion, which constitutes a ground for divorce in Florida. Personal service of notice of the action was made on the wife in Florida. The Supreme Court of Florida recognized the Cuban decree as valid under the principles of comity but held that the Cuban court did not and could not pass upon the right of the wife to alimony since no personal jurisdiction had been secured over her, and that, therefore, she was not barred from maintaining an action for alimony in Florida.
Consequently, we are in agreement with the judgments of both the lower courts herein. Armstrong’s Florida divorce decree dissolved the marriage relation between him and his wife, and Mrs. Armstrong could not thereafter successfully maintain an action in Ohio to have that decree set aside and to obtain a divorce for herself in this state; but the Florida court had no jurisdiction over the person of Mrs. Armstrong and that court could not. by its decree effectively preclude her from obtaining an alimony award in Ohio.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taet, Hart, Stewart and Lamneck, JJ., concur.