200 So.2d 544 (1967)
W. Douglas HALL, Appellant,
v.
Marguerite T. HALL, Appellee.
No. 66-381.
District Court of Appeal of Florida. Third District.
June 20, 1967.
Rehearing Denied July 13, 1967.
Shutts & Bowen and Thomas H. Anderson, Miami, for appellant.
Louis Vernell, Miami Beach, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
This appeal concerns itself only with an attorney's fee, awarded to a wife at the conclusion of a divorce case. The appellant-husband has raised two points: The first is the question of the court's power to grant an attorney's fee to the wife under the circumstances of this case, and the *545 second urges that the amount awarded was excessive.
The cause began in the trial court with the wife's complaint for divorce, restraining order, and other relief. Thereafter, the husband answered and counterclaimed for divorce. During the progress of the cause, the court allowed suit money and attorney's fees on two occasions. The total of the temporary attorney's fees allowed to the wife was $1,050.00. The court entered a final decree in which he granted a decree of divorce to the defendant-husband upon his counterclaim; denied the wife's claim for divorce; awarded the husband the real property in dispute; awarded the wife the sum of $12,000.00 in full and complete settlement and payment of all maintenance and alimony to which she would otherwise be entitled, and finally awarded the attorney for the wife the sum of $17,500.00 in full and final payment of all fees.
Appellant's point directed to the power of the trial court to award a fee to the wife's attorney under the circumstances of this case, is based upon the decisions of the Supreme Court of Florida in Phinney v. Phinney, 77 Fla. 850, 82 So. 357; Nolen v. Nolen, 121 Fla. 130, 163 So. 401; Burger v. Burger, Fla. 1964, 166 So.2d 433. It is urged that the essence of these cases is that where the wife's suit fails she is not entitled to an award of suit money other than pendente lite. It is further urged that § 65.08 Fla. Stat.,[1] F.S.A. fails to provide for alimony upon decree of divorce where the wife fails in her suit.
In Underwood v. Underwood, 12 Fla. 434, before the enactment of § 65.08, Fla. Stat., F.S.A., the supreme court pointed out that no allowance for alimony or cost of counsel should be made to a wife in cases where [from the evidence and the pleadings] she had no reasonable grounds for suit. It is apparent from the decisions that alimony and suit money may be awarded in cases where the wife is sued for divorce and the husband is successful. See: Cowan v. Cowan, 147 Fla. 473, 2 So.2d 869; Howell v. Howell, Fla. 1959, 109 So.2d 883. See also Randolph v. Randolph, 146 Fla. 491, 1 So.2d 480. This construction of the statute is in accord with the provision incorporated in the statute itself; that a wife shall, as a matter of law, be denied alimony only in cases where the divorce is granted upon the ground of adultery. We therefore hold that the chancellor had the power to grant attorney's fees, both temporary and at the conclusion of the cause in this case.
Appellant's point directed to the amount of the fee[2] urges, as a basis for reversal, that: (1) The wife was unsuccessful in procuring a divorce. (2) The sum was more than the amount awarded to the wife as alimony. (3) There was no competent proof of the necessity or value of such services.
The standards by which an attorney's fee should be set in a divorce action have frequently been discussed in this State. In Provus v. Provus, Fla. 1950, 44 So.2d 656, the elements were listed as follows:
* * * * * *
"Fixing the amount of counsel fees, as a general rule always presents a delicate question. Under our adjudications some of the elements usually considered are: services rendered, responsibility incurred, *546 the nature of the services, the skill required, the circumstances under which it was rendered, the ability of the litigants to respond, the value of the services to the client, and the beneficial results, if any, of the services. Our leaders of the bench and bar have never accepted as a yardstick of measurement of attorney fees the myth that all the property of the payee should be appropriated for its payment, but only so much thereof as will compensate for services rendered. The allowance made should square with fairness and justice to all alike under similar conditions and circumstances. * * *" [Emphasis added.]
* * * * * *
These standards have often been repeated, and the considerations listed are to be taken into account in the fixing of a fee. See: Young v. Young, Fla. 1957, 97 So.2d 470; Lyle v. Lyle, Fla.App. 1964, 167 So.2d 256; Thoni v. Thoni, Fla.App. 1965, 179 So.2d 420. See also the recent case of Novack v. Novack, Fla.App. 1966, 189 So.2d 513, wherein the following is found:
* * * * * *
"`Lawyers are officers of the court and justice should be administered economically, efficiently, and expeditiously. Attorney's fees are an important factor in the administration of justice, and if they are fixed without proper relationship to these facts it could result in a loss of public confidence in the bench and bar.'"
* * * * * *
Attorney's fees should be awarded, to a large measure, on the quality of service rendered and not necessarily on the quantity of service. To compensate for the latter rewards the dilatory and incompetent, to the prejudice of counsel with the ability to conclude a cause without undue delay or unnecessary proceedings. Although appellate courts are reluctant to interfere with the amount of awards for attorneys' fees, they have not hesitated to reexamine the amount of an award and reduce it if, in their opinion, it is excessive. In this connection, see generally: Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206. ($162,500.00 attorney's fee reduced to $100,000.00, although three expert witnesses testified to the effect that a reasonable fee would be from $150,000.00 to $175,000.00. This case actively pended in the court for ten years.); Brickell v. Di Pietro, 152 Fla. 429, 12 So.2d 782. ($15,000.00 attorney's fee was reduced to $7,500.00 in a partition of real estate action which pended over a period of four years.); Yandell v. Yandell, Fla. 1949, 39 So.2d 554. ($5,000.00 allowance as attorneys' fees for the wife's attorneys in a divorce action was reduced to $3,000.00, which sum the court found ample for the services which the record disclosed were performed by the attorneys.); Muskin v. Muskin, Fla.App. 1966, 184 So.2d 923. ($5,000.00 temporary attorney's fees reduced to $1,500.00, which the court found to be a maximum fee which should be allowed, notwithstanding the financial circumstances of the husband).
Therefore, the order here under review is reversed, with directions to the chancellor that a total fee of $7,500.00 be awarded, taking into account the $1,050.00 previously paid and leave a balance due and owing by the appellant of $6,450.00.
Reversed and remanded with directions.
PEARSON, Judge (dissenting).
I must respectfully dissent from that portion of the decision which disallows plaintiff and counter-defendant, wife's attorney a fee and thereafter sets a fee which the appellate court thinks proper.
Appellant urges three points in its contention that the fee was excessive: (1) the wife was unsuccessful in procuring a divorce; (2) the sum was more than the amount awarded to the wife as alimony and (3) there was no competent proof of the necessity or value of such services. We may safely assume that the amount of *547 the fee was not reversed under "(3)" above because acting upon the necessity and value of the services, the majority sets the amount of the fee at a much lower figure.
The first point, "(1) the wife was unsuccessful in procuring a divorce", was refuted in the majority opinion by the holding (in which I concur) that suit money may be awarded in cases where the wife is sued for divorce and the husband is successful. In addition, I doubt that much significance should be attached to who gets the divorce in a case where both parties seek a divorce. Florida law requires that the court award the divorce to one or the other, Friedman v. Friedman, Fla. 1958, 100 So.2d 167, but one party is as effectively divorced as the other.
The real question in this case is whether there has been an abuse of discretion. See Randall v. Randall, 158 Fla. 502, 29 So.2d 238 (1947). Can this Court say as a matter of law that the trial judge abused his discretion when he determined a proper fee for the time expended, the many pages of discovery and testimony which were reasonably expended in the defense of the husband's action, and the necessary presentation of the property rights of the wife? It would seem to me that in this case the determination of this question would best be left to the trial judge. This certainly is in accordance with the general rule. See Williams v. Williams, Fla.App. 1965, 177 So.2d 865. In the absence of a showing of abuse of discretion the rule should be followed.
The second point, "(2) the sum was more than the amount awarded to the wife as alimony", seems to reflect an idea inherent in contingent fees. I would reject it entirely upon the basis of the obvious principle that even the most unworthy client is entitled to a vigorous defense and thorough presentation of her cause.
Finally, I am not sure which principle set forth in Provus v. Provus, Fla. 1950, 44 So.2d 656, 657, the trial judge is held to have violated, but if he did violate one, then this Court should follow the procedure followed in Provus and remand the cause with directions to the trial judge to arrive at a fee consistent with the general views expressed.
NOTES
[1] "§ 65.08 Alimony upon decree of divorce.  In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous wife. * * *"
[2] We have been handicapped upon a consideration of this point by the fact that the appellee-attorney failed to present a brief in his own behalf.